Filed March 13, 1885.

---

No. 11,379.

## WOODWARD ET AL. *v.* McLAREN.

MECHANIC'S LIEN.—*Furnishing Materials to Contractor.*—*Repair of Building.*—
   Under sections 647 and 648, 2 R. S. 1876, p. 266 (see, also, sections 5293
   and 5294, R. S. 1881), no lien can be˙obtained on a building for ma-
   terials furnished therefor to a contractor, to be used in repairing the
   same, under a contract to which the owner is not a party. Nor does the
   fact that the owner knew that the materials used in repairing the build-
   ing were being purchased by the contractor from the party who asserts
   the lien, tend, in such case, to establish any claim against the premises.

From the Marshall Circuit Court.

*A. C. Capron,* for appellants.
*J. D. McLaren,* for appellee.

NIBLACK, J.—This was an action to enforce what was claimed to be a lien for material furnished for the repair of a house. Upon the pleadings there was final judgment upon demurrer for the defendant.

The facts, as they are either expressly or impliedly admitted by the pleadings, may be summarized as follows: On the 21st day of July, 1882, one Perkins entered into a written agreement with Susan McLaren, the defendant, for the repair of a dwelling-house belonging to the latter, and situate on the east half of lot No. 46, in the city of Plymouth, in Marshall county, by which it was agreed that Perkins should, within thirty-five days thereafter, do certain specified repairs upon the house for the gross sum of two hundred dollars, to be paid upon the completion of the work, he to furnish all the materials necessary for the repairs thus agreed to be made. On the day following Perkins contracted with Norman S. Woodward and John B. Chambers, partners doing business under the firm name of Norman S. Woodward & Co., for all the brick necessary to be used in repairing the house under his contract with Mrs. McLaren. In pursuance of their contract with Perkins, Norman S. Woodward & Co. soon afterwards delivered to him brick, amounting in value to the sum of $49.35, which were used by him in making the repairs upon the house which he had undertaken to make. Upon the completion of the repairs on the house, which was accomplished within the time limited for their completion, Mrs. McLaren paid to Perkins the sum of $200, which was understood to be in full of all the work done and materials furnished by him. Perkins having failed to pay Woodward & Co. for the brick which were put into the house, the latter demanded payment of Mrs. McLaren, which was refused. They thereupon, on the 26th day of August, 1882, filed a notice in the recorder's office of Marshall county of their

intention to hold a lien on the house and lot on which it stands for the value of the brick, which notice was duly recorded in the proper mechanics' lien record.

Woodward & Chambers, claiming to have thus acquired a lien upon the house and lot, brought this action against Mrs. McLaren to enforce their claim against the property, and the circuit court held that they were not entitled to recover upon the facts as we have herein above stated them.

So much of the code of 1852 as authorized the taking and enforcing of liens for work done or material furnished, in the construction or repair of buildings, was continued and remained in force until new legislation on the subject intervened on the 6th day of March, 1883. Acts 1883, p. 140.

Section 647 of that code, 2 R. S. 1876, p. 266, declared mechanics and material men to be entitled to take and hold such a lien on the building and on the interest of its owner in the lot or ground on which it stood. See, also, R. S. 1881, section 5293. Section 648 of the same code enacted in effect that the provisions of section 647 should only extend to work done on, or materials furnished for, new buildings, or to a contract entered into with the owner of any building for repairs. See, likewise, section 5294, R. S. 1881.

As is plainly apparent, the brick which went into the building in this case were furnished under a contract with Perkins, who had obligated himself to provide all the necessary materials, and consequently not under any contract with Mrs. McLaren as the owner of the building. The facts of this case, therefore, did not bring it within the provisions of sections 647 and 648, *supra*, and hence no lien resulted in favor of the plaintiffs from the notice which they caused to be filed and recorded in the recorder's office. Conceding that Mrs. McLaren knew that the brick used in repairing her building were being purchased by Perkins of the plaintiffs, that fact did not, under the circumstances, tend to establish any claim against her house and lot, since she was in no legal sense a party to the contract under which the brick were furnished.

The views we have expressed are fully sustained by the cases of Wilkerson v. Rust, 57 Ind. 172, and McCarty v. Burnet, 84 Ind. 23.

The judgment is affirmed with costs.

