# Wadsworth *v.* Hodge.

*Action by Material-man to enforce Statutory Lien.*

1. *Statutory lien of mechanic and material-man, on wife's separate property.*—Under statutory provisions now of force, giving a lien to mechanics and material-men (Code, §§ 3018-46), a married woman may, by verbal contract, without the assent or concurrence of her husband expressed in writing, bind her separate property for work done or materials furnished, thereby creating a statutory lien; although, under the general statute relating to her separate estate (Code, §2346), her contracts are required to be in writing, and with the assent or concurrence of her husband expressed in writing.

2. *Same; contract of husband.*— The husband not now being the trustee of his wife's statutory estate, he has no power to create a mechanic's lien on her property, without her authority or consent; and if the credit is given solely to him, for work done or materials furnished in erecting improvements on ·her property, no statutory lien on it is created, although the wife has knowledge of the work while in progress, and occupies the house as a dwelling after its completion.

3. *Demurrer to several pleas, one of which is good; error without injury.* On the overruling of a demurrer to several special pleas, if the plaintiff declines to reply, and one of the pleas presents·a full and complete defense to the action, the ruling on the demurrer to the others, if erroneous, is not a reversible error.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

This action was brought by W. W. Wadsworth, against Mrs. M. L. Hodge, to enforce a statutory lien on a house and lot in the city of Montgomery, for materials furnished by plaintiff, under contract with defendant's husband acting as her agent, and which were used in the construction of the house. The materials were furnished in March and April,

[Wadsworth v. Hodge.]

1888, amounting to $213.30, and the action was commenced on the 7th July, 1888. The amended complaint alleged that the defendant's husband, W. T. Hodge, acted as her agent in purchasing the materials, and that she afterwards ratified the purchase. The defendant filed four pleas, the first of which was a general denial of each and every averment of the complaint; the second alleged her coverture, when the materials were furnished, and when the action was commenced; the third, that she was a married woman, and had never authorized her husband, in writing or otherwise, to purchase the materials, and that he had made no contract in writing with plaintiff to furnish them; and the fourth, that she never made any contract with plaintiff for the materials, nor authorized her husband to do so, and had no knowledge or notice that the materials had been furnished until the commencement of this suit, and that they were purchased by her husband without her knowledge or consent, and were sold to him by plaintiff on his own credit alone. The plaintiff demurred to the second, third and fourth pleas, but his demurrers were overruled; and declining to plead further, the court rendered judgment for the defendant. The rulings on demurrer are now assigned as error.

SAYRE, STRINGFELLOW & LEGRAND, for appellant.—The statutory provisions creating and regulating the lien of mechanics and material-men, are a complete system of themselves, creating a new right, and giving a new remedy. They are to be construed as an exception to the general laws, and not in any manner as controlled or limited by them. The General Assembly had as full power to enact one as the other, and each has its own field of operation. The provisions of the Code of 1878, relating to mechanics' liens, have been substantially carried into the Code of 1886, which is a legislative adoption of the judicial construction they had received.—3 Brick. Digest, 749, § 16. The construction of the statute was settled in *Ex parte Schmidt & Smith*, 62 Ala. 252; *Schmidt & Smith v. Joseph*, 65 Ala. 475; *Copeland v. Kehoe*, 67 Ala. 597. By the changes incorporated in the Code of 1886, no intention is manifested to impair the authority of these cases; and they are cited in section 3046, which expressly names married women as within the purview of the statute. Notwithstanding the general statute, a vendor's lien may be enforced against land belonging to a married woman's statutory estate; and to give less effect to a statutory lien would present a strange anomaly.

[Wadsworth v. Hodge.]

TOMPKINS & TROY, *contra.*—(1.)   Since the enactment of the statute approved February 28th, 1887, now constituting sections 2341–51 of the Code of 1886, the capacity of a married woman to contract, and to bind her property by her contracts, is greatly enlarged; but the form of her contracts is prescribed.   She can now only bind her property by contract in writing, with the assent or concurrence of her husband, also expressed in writing.—Code, § 2346; *Rooney v. Michael*, 84 Ala. 585.   This statute abolishes the trusteeship of the husband, and he no longer has power to bind his wife, even by the purchase of necessaries for the family. *Ramage v. Towles*, 85 Ala. 588; *Marshall v. Marshall*, 86 Ala. 383.   It was enacted after the adoption of the Code of 1886, and any inconsistent provisions in the latter must yield to it.—*Steele v. State*, 61 Ala. 213; Code, p. 1, § 2. There is no reason in the nature of things, nor any principle of law or morality, which requires or authorizes an exception in favor of mechanics and material-men.—Phil. Mech. Liens, § 115; *Barry v. Weisse*, 2 E. D. Smith, 662, note; *Loonie v. Hogan*, 5 Selden, N. Y. 435; 67 Penn. St. 453; *Fetter v. Wilson*, 9 B. Mon. 90.   (2.)   Even if the wife has capacity to bind her property by her own verbal contract, or through the agency of her husband, she would not be bound, if the credit was given to the husband alone, as alleged in the fourth plea; and even her knowledge of the use of the materials, and her subsequent use of the building and improvements, would not create a lien against her property. Phil. Mech. Liens, § 112; *Gross v. Eiden*, 53 Wisc. 543; *Holmes v. Shand*, 26 Miss. 639, and 27 Miss. 40; *Flannery v. Rohrmayer*, 33 Amer. Rep. 36; *Lauer v. Bandow*, 28 Amer. Rep. 571; *Price v. Seydel*, 46 Iowa, 696; *Meyer v. Broadwell*, 83 Mo. 571; *Garnett v. Berry*, 3 Mo. App. 197; *Barney v. Berry*, 8 Mo. App. 446; *Hughes v. Anslyn*, 7 Mo. App. 400.   (3.)   If the fourth plea was good and sufficient, the ruling on the demurrer to others is immaterial.—*Brown v. Insurance Co.*, 86 Ala. 189; *Guilford v. Kendall*, 42 Ala. 651.

SOMERVILLE, J.—1.   The first question raised by the rulings of the court on the plaintiff's demurrer to the defendant's pleas is, whether a married woman can bind her separate estate by a mechanic's lien, through a mere oral contract, and without the assent or concurrence of her husband expressed in writing.

[Wadsworth v. Hodge.]

The plaintiff in the present case is an original contractor, and furnished certain building materials, consisting of lumber, shingles and other articles, which were used, in the early part of the year 1888, to construct a house on land owned by the defendant, Mrs. Hodge.

The defendant insists that, under the law as it now stands, a married woman can not create a mechanic's lien on her property, unless she contracts in writing, and by the written consent of the husband, in accordance with the requirement of section 2346 of the Code (1886) governing the general personal contracts of the wife. This section is a part of the new married woman's law of February 28, 1887, and is in the following words: "The wife has full legal capacity *to contract in writing* as if she were sole, with the assent or concurrence of her husband expressed in writing."—Code, 1886, § 2346.

The statute governing the liens of mechanics and material-men creates a lien in favor of every mechanic, or other person, for work or labor done, or materials furnished, in constructing or repairing any building on land, "under or by virtue of any contract with the *owner or proprietor* thereof, or his agent, trustee, contractor, or sub-contractor," upon complying with certain prescribed provisions.—Code, 1886, §§ 3018 *et seq.* It is further declared, that "every person, including *married women* and *cestuis que trust*, for whose use, benefit and enjoyment any building or improvement shall be made, is embraced within the words 'owner or proprietor,' as used in this chapter."—Code, 1886, § 3046. The statute on the subject of mechanic's liens, as embraced in sections 3018 to 3048, is a complete system in itself. The clear legislative intention is, to require no written contract to create such a lien. An oral contract is obviously all that is necessary, provided the labor done, or materials furnished, are brought within the terms of the statute, evidenced only by "a statement in writing, verified by the oath of the claimant, or some other person having knowledge of the facts, containing a just and true *account* of the demand secured by the lien, after all just credits have been given," which must be filed with the judge of probate within a prescribed time. Code, § 3022. The lien is created rather by the law, than by the contract of the parties. It is analogous to the vendor's lien, and is based upon a like reason—that it is unconscionable for a vendee to retain a vendor's property and not pay the stipulated price for it. It can scarcely be maintained

[Wadsworth v. Hodge.]

on any sound principle, that a married woman could not bind land by a vendor's lien for the purchase-money, without the written assent or concurrence of her husband.—*Ramage v. Towles,* 85 Ala. 588; *Crampton v. Prince,* 83 Ala. 246; 3 Amer. St. Rep. 718.  The enforcement of such a lien is in the nature of a proceeding *in rem,* rather than one *in personam,* especially as against the estates of married women. There is no more reason why a *feme sole,* who is brought within the terms of the statute, should enjoy the benefit of a mechanic's labor or materials without paying for them, than one *sui juris* should perpetrate a like injustice.

And so it has uniformly been held in this State since the enactment of the mechanic's lien law.  In *Ex parte Schmidt,* 62 Ala. 252, it was decided that a married woman, by the contract of herself, or her husband, as agent or trustee, acting in her behalf, could create a mechanic's lien on her separate estate, although she was not capacitated to contract generally, and, in fact, was empowered by statute to bind her separate estate only for "articles of comfort and support of the household," suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law.—Code, 1876, § 2711.  This ruling was followed in *Schmidt v. Joseph,* 65 Ala. 476. These decisions construed section 3460 of the Code of 1876, which is the same in substance with section 3046 of the present Code, as expressly authorizing married women, *eo nomine,* to contract for a mechanic's or material-man's lien, on the same terms, and in the same mode as any other person *sui juris* may do.

The Code of Missouri contains a statute, of which the Alabama mechanic's lien law was originally a substantial copy.  Section 3192 of that Code is the same in substance with section 3046 of the Alabama Code of 1886, with the exception, that the words "owner or proprietor" are there made to include, not only married women, but minors under eighteen years of age.—Missouri Code, 1879, § 3192.  The Supreme Court of Missouri has repeatedly construed that section as authorizing married women, otherwise laboring under disabilities of coverture, to make oral contracts binding their separate estates by a mechanic's lien, or lien for building materials, furnished to construct improvements on land owned by her.—*Ambrose Man. Co. v. Gapen,* 22 Mo. App. 397; *Murphy v. Murphy,* 1 *Ib.* 600.

In New York, where a general statute gave a mechanic's

lien against all owners of land who should become parties to
certain contracts for labor or materials, it was held to em-
brace married women as well as others.    It was observed,
that "there was no exception in terms in favor of married
women, and there is none in the nature of the case, or in
reason, policy or convenience."—*Hauptman v. Catlin*, 2 N. Y.
247.   See, also, *Loonie v. Hogan*, 61 Amer. Dec. 693, *note*.
There are decisions to the contrary, holding that a mechan-
ic's lien will not attach to a married woman's separate estate
under a contract made with her.    But these decisions rest
on the fact, that the .word "owner or proprietor," as used
in the particular law construed, could not be made to embrace
a married woman by mere construction, as that would author-
ize a personal judgment against her by the terms of the
statute.—*O'Neil v. Percival* (20 Fla. 937), 51 Amer. Rep.
634; *Rogers v. Phillips* (8 Ark. 366), 47 Amer. Dec. 727.
The Alabama statute, as we have said, expressly declares,
that married women shall be embraced in the words "owner
or proprietor," as used in the chapter establishing and reg-
ulating the enforcement of the liens of mechanics and mate-
rial-men.

Our conclusion is, that section 2346 of the Code has ref-
erence only to the general contracts of married women other
than those coming within the influence of the law regulating
mechanic's liens and the liens of material-men; and that the
verbal contract of a married woman, through herself or her
authorized agent, is sufficient to create a lien for labor done
or materials furnished for the improvement of her realty,
under the provisions of sections 3018-3048 of the present
Code.   The plea of coverture, in such cases, can go no further,
at most, than to bar a *personal* judgment against a married
woman, to which the plaintiff is entitled, on the common
counts, in the event he fails to establish his lien.—*Bedsole
v. Peters*, 79 Ala. 133; Code, 1886, §§ 3034-3037.

The second and third pleas to the amended complaint were
bad, and the plaintiff's demurrers to them should have been
sustained.    This, however, as we shall see, was error without
injury to the appellant.

2.   The demurrer to the fourth plea, however, was prop-
erly overruled.   This plea avers, that the lumber and other
materials in question were sold by plaintiff to W. T. Hodge,
the husband of the defendant, on *his sole credit*, and with-
out the defendant's knowledge, or consent.   The statute con-
fers the lien only where the contract is with the owner or

[Wadsworth v. Hodge.]

proprietor, or his or her agent, trustee, contractor, or sub-contractor.—Code, 1886, § 3018. This manifestly means on the part of the owner, as distinguished from his or her consent.—2 Jones on Liens, § 1236. Unless, therefore, the contract is made with the wife, or with her agent, or trustee, her property can · not, in the absence of fraud or collusion, be subjected to the lien created by the statute, except in those cases where the unpaid balance due the contractor by the owner is authorized to be subjected.—Code, § 3018. The husband, being no longer the trustee of the wife's statutory separate estate in Alabama, as under previous Codes, can not, as husband or trustee, create a mechanic's lien on the wife's property, without her authority or consent. The case of *Ex parte Schmidt*, 62 Ala. 252, *supra*, was decided under the former statute. The contract of the husband was then sufficient to create such a lien on the wife's property, because he was her statutory trustee, and, under the statute, a "trustee" of the owner was expressly empowered to make a contract of this nature. The contract must be either originally that of the wife, through herself, or her authorized agent; or else the husband, or other agent, must assume to contract for her and in her own behalf, and such contract be subsequently ratified by her, with full notice or knowledge of its nature. In the absence of a contract of this character, no lien will attach to her property. And where the credit is given solely to the husband, he alone is bound, although it may appear that the wife knew that the building or improvements were in process of erection on her land, and said nothing, or that she and other members of the family afterwards occupied the building as a dwelling. This view is not only consonant with reason and justice, but is also everywhere fully supported by the authorities.—*Copeland v. Kehoe*, 67 Ala. 594; *Meyer v. Broadwell*, 83 Mo. 581; *Garnett v. Berry*, 3 Mo. App. 197; *Barnet v. Berry*, 8 Mo. Ap. 446; *Hughes v. Ansyln*, 7 *Ib*. 400; *Loonie v. Hogan*, 61 Amer. Dec., *note*, pp. 693-697; *Flannery v. Rohrmayer*, 46 Conn. 558; 33 Amer. Rep. 36; *Lauer v. Bandow*, 43 Wis. 556; 28 Amer. Rep. 571; *Woodward v. McLaren*, 100 Ind. 586; 2 Jones on Liens, §§ 1236-1238, 1253; Phillips on Mech. Liens, sec. 112.

3. The fourth plea was thus a complete defense, in itself, to the action for the enforcement of the lien claimed. The demurrer to this plea was an admission by the plaintiff of the facts pleaded. The failure of the plaintiff to take issue

on it after the demurrer was overruled requires an affirmance of the judgment. Where there are several separate pleas pleaded by way of defense to a suit, each good in itself, as going to the entire action, the sustaining of either one of them is a bar to its further prosecution.

The judgment is accordingly affirmed.