GROTH ET AL., APPELLANTS, v. STAHL ET AL., APPELLEES.

1. LIENS.

The right of a material man to claim and hold a lien must be maintained by proof bringing it directly within the statute.

2. LIENS DEPENDENT UPON CONTRACT.

The right of a material man to maintain a lien against the property of another depends entirely upon a contract, express or implied, with the owner of the realty, or an agreement between the owner and a contractor under whom he can show a derivative right.

*Appeal from the District Court of Arapahoe County.*

Mr. F. A. WILLIAMS, for appellants.

Mr. L. B. FRANCE, for appellees.

BISSELL, J., delivered the opinion of the court.

Wherever lien statutes give to contractors and material men the right to subject realty to their claims, the disputes between these two classes give rise to endless litigation. The appellants, Groth & Company, were material men and sold

brick to one A. W. Camp, who was a subcontractor under Wheelon and Hall, who built a house on a lot standing in the name of the appellee, Frances C. Stahl. Wheelon and Hall contracted with J. S. Stahl, Frances' husband, to do the work. The agreement was in writing, and Mrs. Stahl was not a party to it, nor was she named in it. The record presents a good many other facts which need not be referred to since the case will be decided upon different grounds from those mainly discussed in the briefs of counsel. The lien act of 1883 was amended in 1889. It is insisted that under the latter act the rights of the lien are not to be measured by the sum due at the time of the filing of the lien. The principal argument is addressed to this matter and to the consideration of the effect of the repeal and the proper interpretation to be put upon the proviso attached to the repealing section. The solution of this matter is unimportant to the adjudication of the controversy. Whether the contract proven was variant from the one laid in the complaint and the evidence supporting it therefore inadmissible, can be left out of the discussion, since the rights of the parties are completely settled by the contract which was put in evidence.

Wherever material men assert the right to file a lien against the realty of another, they must maintain it by proof bringing their lien directly within the statute. The phraseology of the statutes concerning liens is widely variant in the different states. In some it is entirely dependent upon proof of a contract express or implied, between the owner of the property and the contractor who does the work and furnishes the materials, or between the owner and the contractor under whom by means of a subcontract the material man may claim. The Colorado statute is of this class. No material man can maintain a lien against the property of another, save under a contract with the owner of the realty or by virtue of an agreement between the owner and a contractor under whom he can show a derivative right. In the present case no such contract is shown. The contract was entered into between J. S. Stahl and Wheelon and Hall. The contract neither pur-

ported to be executed on behalf of the owner of the land, Mrs. Frances, nor was there any proof which tended to show that J. S. was Mrs. Frances' agent for the purposes of making the contract. The rule concerning implied contracts need not be considered. As was said by Judge Philips in a well considered case cited below, " the law never implies a promise where there is an express promise." Since the contract is an express one, entered into by the husband in his own name and not under the assumption of an agency, it leaves but a single question, whether there is any evidence in the case which tends to show that what Mr. Stahl did he did as the agent of his wife, under an authority granted by her or to be inferred from the circumstances. There is nothing in the record to sustain any such contention. The husband never assumed to act as the agent of his wife, nor did she ever give him any authority to make a contract in her name. So far as the record shows, the lot was bought by the husband and with his money, and the title put by him in his wife's name without her knowledge. He made the contract with Wheelon and Hall for the express purpose of building a home for his family, and at the time that the contract was made and the work done it is quite improbable that Mrs. Stahl knew she was the owner of the lots. Under these circumstances no agency can be implied. What the case contains to show her knowledge that her husband was going to build, that the work was being done, and that she took a lively, wifely interest in the progress of the labor, does not amount to that proof of agency which the law requires when the material man seeks to charge it with a lien for supplies which were furnished under a contract entered into with one who was the owner of the property. *Planing Mill Co. v. Brundage,* 25 Mo. App. R. 268; *Ziegler v. Galvin,* 45 Hun, 44; *Copeland v. Kehoe,* 67 Ala. 594; *Jones v. Walker,* 63 N. Y. 612; *Woodward v. McLaren,* 100 Ind. 586; *Gillman v. Disbrow,* 45 Conn. 563; *Wendt v. Martin,* 39 Ill. 139; *Lauer v. Bandow,* 43 Wis. 556; *Willard v. Magoon,* 30 Mich. 273.

The failure of Groth & Company to prove a contract be-

tween Mrs. Stahl and the contractors under whom they claim, or one entered into on her behalf by her duly constituted agent, leaves them without any right to recover. Judgment having been entered in their favor for a portion of the sum claimed, the case must be reversed and remanded.

*Reversed.*