| 100 | 217 |
| --- | --- |
| 114 | 242 |
| 100 | 217 |
| 129 | 311 |

# Hawkins Lumber Company *v.* Brown *et al.*

### Action to Enforce Material Man's Lien.

1. *Material man's lien; husband and wife.*—Where lumber is purchased by the husband in his own name, and not as agent for the wife, and is used in improving the wife's property, and credit is given solely to him, no lien is created therefor on the property.

2. *Same; estoppel against wife.*—Estoppel can not be invoked against the wife in such case when there has been no misconduct on her part nor false representations by the husband of which she had knowledge, or unless the husband contracted as agent of the wife and she with knowledge of that fact acquiesced or gave countenance to the exercise of such authority as her agent.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

JOHN H. MILLER and F. E. BLACKBURN, for appellant.

BUSH & BROWN, for appellees.

COLEMAN, J.—The suit was brought to recover the price of a bill of lumber sold and used in improving and adding to a certain dwelling described in the complaint, and also to declare and enforce a material man's lien upon the

[Adams v. Green.]

lot and dwelling. The property belongs to Emma Brown the wife of D. H. Brown. Every legal question affecting the liability of Emma Brown raised by the evidence was considered and decided by this court in the case of *Wadsworth v. Hodge*, 88 Ala. 500. The evidence shows conclusively that the lumber was purchased by D. H. Brown in his own name, that he did not undertake to contract for his wife or as her agent, and that credit was given solely to him for the materials furnished. The statute does not create a lien upon the property of the wife for materials furnished, under such a state of facts. The doctrine of estoppel invoked by appellant, and the authorities cited have no application to the case at bar. If the husband had contracted in the name of the wife, representing himself as her authorized agent, and with a knowledge of this fact, she had acquiesced, or had given countenance to the exercise of such authority as her agent, or if the husband had represented to the material-men that the property to be improved belonged to him, and on this false representation the goods were obtained, and the wife with knowledge of such false representation had permitted the improvements to be made without objection, probably the equitable rule of estoppel might be invoked. But there is no pretense of any misconduct on her part, or misrepresentation in the matter on the part of D. H. Brown. It is a clear case where credit was extended to D. H. Brown on his personal responsibility alone.

There was no error in rendering judgment in favor of the defendant, Emma Brown, and in refusing to declare a lien upon her property. The court gave judgment against the defendant, D. H. Brown. In this there was no error of which appellant can complain.

Affirmed.