# Richardson v. Stephens.

### *Statutory Action of Ejectment.*

1. *Husband and wife; mortgage on wife's property in which she joins as surety void.*—Under the provisions of the statute forbidding a wife becoming surety for her husband (Code of 1886, § 2349), a note given for money borrowed by the husband, on which the wife becomes surety, and a mortgage by her and her husband of her separate estate to secure the payment of the debt evidenced by the note, are void as to the wife; and the fact that the money borrowed by the husband was used to improve and cultivate the land mortgaged does not validate the note and mortgage.

2. *Pleading and practice; result of joining issue on immaterial pleas.* Where in the trial of a cause, the defendant interposes pleas in bar which tender immaterial issues, and the plaintiff does not move to strike them from the file, but takes issue thereon, and the cause is tried on the immaterial issues so presented, if the facts so pleaded in defense are proved by the evidence, the defendant is entitled to judgment in his favor, irrespective of the inquiry whether or not it raised the question of merit in the case.

3. *Same; same; wife's mortgage to secure husband's debt void; case at bar.*—In a statutory action of ejectment, where the defendant, a married woman, pleaded "not guilty" and two special pleas in which she set up in defense of the action that the land sued for, which was contained in the mortgage under which plaintiff claimed title, was her separate estate, and that the debt to secure the payment of which the mortgage was executed was the debt of the husband for which she became the surety, and upon these special pleas the plaintiff took issue, upon the proof of the facts constituting the defense set up in said pleas, the defendant was entitled to the general affirmative charge in her favor; and this is true, even though under the statute (Code of 1886, § 2698), the only proper plea in such action, and the only one upon which plaintiff could be required to take issue, was "not guilty," under which the fact provable under the special pleas could not have been proved to defeat plaintiff's recovery.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JOHN R. TYSON.

This was a statutory action of ejectment, brought by the appellant against J. W. Stephens and E. E. Stephens, his wife, who is the appellee, for a tract of land specifically described in the complaint. J. W. Stephens

filed a plea disclaiming all right of possession, and the defendant, E. E. Stephens, filed the following pleas: "1. Not guilty. 2. That the land sued for belonged to her at the time the mortgage which is the foundation of plaintiff's title was executed by her and her husband; that she was at the time a married woman, and that she and her husband then resided and have since resided on said land, and that the debt secured by the said mortgage was the debt of her husband, and that she was and is a surety therefor, and that the mortgage is void. 3d. That at the date of the mortgage under which plaintiff claims she was the wife of J. W. Stephens, that they were then living as husband and wife on said land, and that the land was her separate estate, and the mortgage was made to secure a debt of the husband, J. W. Stephens."

The plaintiff deduced title from the purchaser of the lands at a sale under the foreclosure of the mortgage executed by J. W. Stephens and E. E. Stephens to the British American Mortgage Company, in which the land here sued for was conveyed. The facts of the case pertaining to the defense interposed and the evidence introduced thereon are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the defendant, E. E. Stephens, gave the general affirmative charge in her behalf. To the giving of this charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the giving of the general affirmative charge requested by the defendant.

GUNTER & GUNTER, and P. B. MCKENZIE, for appellant.—1. The lands improved and cultivated with the money loaned being E. E. Stephens', she received the exclusive benefit thereof. The husband is not shown to have had a dollar's interest in the matter, he acted as a pure agent of the wife. She authorized him to receive the money, and it seems that it was faithfully applied exclusively to her uses and benefit, and presumably by her personal act or consent.—*First Nat. Bank v. Nelson*, 106 Ala. 535.

2. Prior to the enactment of section 2349 of the Code of 1886 there was an incapacity in the wife to create a mort-

gage on her separate estate for any purpose.—3 Brick. Dig. 553, §§152-3 ; *Northington v. Faber,* 52 Ala. 45 ; *Curry v. Amer F. L. M. Co.,* 107 Ala. 429. The present law gives the wife all the capacity of a *feme sole*—relieves her of all the common law disabilities of her status as to power to contract ; but, to avoid the abuse of the marital relations, provides that she "shall not directly or indirectly become the surety of the husband."—Code of 1886, § 2349 ; *Miller v. Shields,* 8 L. R. A. 406. ·

3. The burden was on the defendant to show that neither she nor her estate had the benefit of the consideration.—*Miller v. Shields,* 8 L. R. A. 410 ; *Johnson v. Jouchert,* 8 L. R. A. 795.

4. In this case, if the debt be taken as a loan to the husband, she was well aware that the loan was made on the security of her land, represented as being his. If she signed the papers to obtain the money herself, and did obtain and use it, there is, of course, an end of the case in favor of the plaintiff. If she intended to sign only as surety for her husband, she knew a fraud was being perpetrated by him to obtain the money and assisted him therein, and having in addition received all the benefit of the transaction, is estopped to hold the money and repudiate the mortgage.—*Woodstock v. Fullenwider,* 87 Ala. 584 ; *Dickerson v. Colgrove,* 100 U. S. 578 ; *Curry v. Amer. F. L. M. Co.,* 107 Ala. 429 ; *Wilder v. Wilder,* 89 Ala. 414.

G. L. COMER, *contra.*—The court below did not err in giving the affirmative charge in favor of the defendant E. E. Stephens, as same was asked for in writing. The debt for which the mortgage was given was the debt of J. W. Stephens, the husband of said E. E. Stephens. The lands upon which the mortgage was given to secure said debt of J. W. Stephens belonged to said E. E. Stephens, and said E. E. Stephens was only security for her said husband for said debt.—Code of 1886, §§ 2604, 2349 ; *McNeil v. Davis & Son.,* 105 Ala. 657.

HARALSON, J.—The court, on the disclaimer of J. W. Stephens, gave judgment against him, but E. E. Stephens, his wife, defended on the ground that the land sued for was hers, as her statutory separate estate ; that the mortgage debt was that of her husband, and that

[Richardson v. Stephens.]

she is and was a mere surety on said debt for her husband, and that it and the mortgage on her land, were of no force and effect, and void as to her.

. That the land was her statutory separate estate, and did not belong to her husband, at the time of the execution of said note and mortgage, is not denied. Her title to the land was of record.

If it be true, that Mrs. Stephens executed these papers merely as the surety of her said husband, the act was one forbidden by statute to be done, was illegal and void as to her. The Code in terms (§ 2349) declares that "the wife shall not, directly or indirectly, become the surety for her husband." Being an act forbidden by statute to be done, the note on which the wife becomes surety for her husband and a mortgage by her of her statutory separate estate to secure the debt are void.— *Hawkins v. Ross*, 100 Ala. 459; *McNeil v. Davis*, 105 Ala. 657; *Lansden v. Bone*, 90 Ala. 446; *Dudley v. Collier*, 87 Ala. 431; *Robertson v. Hayes*, 83 Ala. 291; *Heard v. Hicks*, 82 Ala. 484.

The evidence shows, without any conflict, that the husband of Mrs. Stephens applied for and conducted all the negotiations for this loan and procured it to be made. The debt as contracted was his. The purpose for which he needed the money was not disclosed. He represented that the land he proposed to mortgage to secure the debt was his own. The wife joined him in the execution of the note and mortgage. So far as appears, she knew nothing of the transaction, and nothing was done or said by her, to indicate that the money was for her or her purposes, or that she authorized her husband to act as her agent in the premises, or that she had any purpose to deceive or defraud the lender, or that she signed the papers otherwise than as a mere surety. There was nothing to show that it was her independent transaction, and that the husband was her surety, or signed the papers merely to express his assent and concurrence for her to contract.

. It is said that she joined her husband in drawing a draft on parties in New Orleans for the amount of the money loaned, for which she and he had given their notes and mortgage. This draft was drawn, in the manner it was, as appears, by Long's directions, who was the agent in procuring the loan, for which draft, after it

was drawn and delivered to Long, he gave J. W. Stephens, the husband, his check on a bank in Eufaula for the amount. This indicates nothing as to the character in which Mrs. Stephens executed said papers; and certainly not, that she was the principal in the transaction.

It is said again, that the money borrowed was used to improve and cultivate the lands sued for. That fact, however, would not validate the notes and mortgage, if invalid in their inception, on account of the wife having signed them as surety. In *Wardsworth v. Hodge*, 88 Ala. 506,—a case to enforce a mechanic's lien on a wife's land, where the debt for the materials was contracted by the husband,—it was held, that credit having been given to him solely, he alone was bound, although it appeared that the wife knew that the building and improvements were in process of erection on her land, and said nothing, and that she and other members of the family afterwards occupied the building as a dwelling. Again in *Hawkins Lumber Co. v. Brown*, 100 Ala. 217, we held, that when lumber was purchased by the husband in his own name, and not as agent of his wife, and was used in improving his wife's property, an estoppel could not be invoked against the wife, when there had been no misconduct on her part, nor false misrepresentations by the husband of which she had knowledge, or unless he contracted as her agent, and she with knowledge of that fact, acquiesced or gave countenance to the exercise by him of such authority as her agent.

It is shown that the defendant pleaded three pleas; not guilty and two special pleas which are copied in the abstract, in which she set out that the land was her statutory separate estate, that the debt evidenced thereby was that of her husband, and that she was and is the surety therefor.

The only appropriate plea in an action of this kind is "not guilty," under which a defendant may introduce any evidence which will bar plaintiff's right of recovery; and it is the only plea on which the plaintiff can be required to take issue.—Code of 1886, § 2698; *Bynum v. Gold*, 106 Ala. 427. Under the facts of the case, the legal title to the land sued for, by the mortgage executed by Mrs. E. E. Stephens, became divested out of her, and invested in the mortgagee. On foreclosure of the same, and purchase by the plaintiff below, and conveyance of

the property to him by the mortgagee, he became invested with the legal title. The note and mortgage did not disclose on their face, that Mrs. Stephens was the surety of her husband for the debt to secure which they were given, but that fact appeared alone by extrinsic evidence. Such extrinsic proof was not competent to be made, to avoid the legal title of the plaintiff, and the wife's only remedy to avoid it was in equity.

The two special pleas tendered an immaterial issue. They would have been stricken on motion of plaintiff. But the plaintiff raised no objection to them in any form, so far as appears. He took issue and the case was tried upon them. The defense set up in them was proved, and the defendant was entitled to the general charge, as given, on them. When parties go to trial on an immaterial issue, if the truth of the averment pleaded in bar or preclusion be established, this must control the finding and the judgment, irrespective of the inquiry whether or not it raised the question of merit in the contention.—*Winter & Loeb v. Pool*, 100 Ala. 503, 506; *Taylor v. Smith*, 104 Ala. 538.

Affirmed.