# Hanchey *v.* Hurley *et al.*

*Bill in Equity to enforce Mechanics' Lien and for other Relief.*

1. *Equity pleading; bona fide purchaser.*—The defense of a *bona fide* purchaser without notice can be raised in equity only by plea or answer. (TYSON, J., *dissenting*, holds that where the bill discloses the title of the purchaser and that it is not subordinate to the lien sought to be enforced by the bill the same is without equity.

2. *Mechanics' lien; equitable estoppel against a married woman.* Where the husband makes a contract for the repair of a house belonging to his wife under representations that he is the owner and the wife knows of such representations and knowingly permits the work to be done without asserting her title, the person making the repairs being ignorant of the true state of the title and relying upon the truth of

[Hanchey v. Hurley *et al.*]

the representations of the husband, the wife is estopped in equity to assert her title as against a bill filed to enforce a mechanics' lien under such contract.

3. *Same; same; rights of mortgagee purchasing at foreclosure.* In such case the lien of the mechanic is superior to the rights of a mortgagee whose mortgage was in existence at the time of the repairs but who foreclosed and became the purchaser at the foreclosure sale after the lien had been filed with the probate judge although at the time the work was done and the lien filed, there was on record a deed from the husband, the original owner and mortgagor, to his wife conveying the land in controversy. (TYSON, J., *dissenting*.)

4. *Order for payment of money; effect thereof.*—An order for the payment of money, until accepted by the party upon whom it is drawn does not operate as an assignment either at law or in equity, nor does a mere agreement between a debtor and creditor that a third person shall collect a particular fund and apply the same to the indebtedness existing between them operate as such until such person has collected the fund and agreed to so apply it.

5. *Policy of insurance; equitable assignment.*—Where a policy of insurance after loss is delivered to a third party under an agreement between the insured and his creditor that the same shall be collected and applied as far as necessary to the payment of a debt existing between the insured and such creditor, such agreement operates as an equitable assignment of so much of the fund as may be necessary to the payment of such debt though there may be no formal or legal transfer of the policy.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. A. H. ALSTON.

The bill in this case was filed by the appellant to enforce a mechanic's lien and to subject the proceeds of a certain fire insurance policy to the payment of a debt for repairs upon a house against respondent Hurley. It also made the National Building & Loan Association party defendant because it held a mortgage against the property which had been foreclosed, the mortgagee purchasing at its own sale. E. R. Brannen was also made a party defendant by virtue of an alleged agreement to collect the sum due under a policy of insur-

ance to Hurley and apply the same to complainant's debt. The bill also made W. B. Folmar, doing business as the People's Bank, party defendant, he having collected the sum due under the policy under an agreement to hold the same pending the termination of this suit. The bill charged that a contract for repairs of a certain house was made between him and W. F. Hurley. At the time of this contract there was a deed to the land on record from said Hurley to his wife. The second paragraph of the amendment of February 2, 1900, alleged that said Hurley represented that he was the owner of the house, that his representation was known to Mrs. Hurley, and that she permitted him to proceed with his work without asserting her title; he being ignorant of its value. The bill prayed for a lien upon the house and its sale, and also prayed for a lien upon the insurance money in the hands of the People's Bank and that the same be paid to him. Each of the respondents moved to dismiss the bill for want of equity. The cause being submitted on these motions the same was granted. From this decree dismissing the bill for want of equity complainant appeals. The other facts appear in the opinion.

M. N. CARLISLE, for appellant.

CARMICHAEL & BRANNEN, *contra*.

TYSON, J.—Under the view I take of the case made by the bill, it is unnecessary to determine the question of estoppel raised against the respondent Mrs. Hurley, or the merit or demerit of the amendment to the bill alleging that the deed executed by her husband to her to the lot, sought to be condemned to the satisfaction of the complainant's mechanic's lien, was fraudulent; for the very obvious reason, that if it be admitted that both contentions are meritorious, the complainant could take nothing under either of them. The lot at the time of the filing of the bill, as shown by its allegations, had become the property of the Building & Loan Association by virtue of a purchase at a foreclosure sale under a

mortgage held by the association. After the foreclosure of the mortgage, Mrs. Hurley had nothing left but her statutory right of redemption. The bill is not one for redemption from the Association as purchaser; nor is the integrity of the mortgage held by the Association or the foreclosure proceedings thereunder assailed. Both were confessedly regular and there is no assertion of a superior lien by the complainant upon the lot to that of the rights of the purchaser.

The bill contains no averment of any actual notice by the purchaser of the estoppel sought to be enforced against Mrs. Hurley to the end of precluding her from asserting her title under the deed. She appears by the chain of title as shown upon the record to be the owner of the equity of redemption by conveyance properly executed and recorded before the repairs were made by the complainant on the house. The lien was filed against the husband as owner. This was the state of the title at the time the purchase was made. It is perfectly clear to my mind that on this state of facts the purchaser was not chargeable with constructive notice of complainant's lien. It may be said to all this, and in fact it is urged, that as the mortgagee was the purchaser, it cannot claim the benefit of this doctrine for the reason that it was chargeable as purchaser with the same knowledge or notice it possessed as mortgagee; a proposition I do not deny, but which I insist has no application to this case. The right of the holder of a mechanic's lien to enforce it upon the building for repairs against a prior mortgagee is in nowise dependent upon notice either actual or constructive, but has its origin in the statute, section 2724 of the Code. The principle doubtless underlying the purpose of its enactment was to prevent a mortgagee from taking the benefits of the betterments put upon the property to the end of restoring to him his original security for his debt, without paying to the mechanic the value of the repairs. And this the statute does, without reference to his knowledge of the repairs being made upon the house conveyed by the mortgage. But the rights of a purchaser at a foreclosure sale stand upon a very different footing. It will be well to observe that section 2724

makes no reference to purchasers at foreclosure sales under mortgages, but confers the right of priority upon mechanics' liens on the building or improvement "over all other liens, mortgages or incumbrances, whether existing at the time of such work or subsequently created." The status of a purchaser being in nowise dealt with by the statute, his rights as owner as against a mechanic's lien, must of necessity be determinable upon the principle of notice. Suppose a third person had become the purchaser at the foreclosure sale, would it be contended that he was not a *bona fide* purchaser for value without notice upon the facts shown by the bill? I apprehend not. The estoppel relied upon, against Mrs. Hurley, is an equity, which is not averred to have been known to the purchaser. Was the Association any the less a purchaser, because it was the mortgagee, and, therefore, not entitled to protection as such? By the purchase it extinguished the mortgage debt to the extent of the sum bid and destroyed the lien of the mortgage. The property no longer remained mortgaged property subject to the right of Mrs. Hurley to redeem it by paying the debt. In short, the sale cut off the equity of redemption, and the Association stood in relation to it as the absolute owner of it.—*Hambrick v. Mortgage Co.*, 100 Ala. 551. And this is true not only as against Mrs. Hurley and her husband, but as against all incumbrancers, not having enforceable prior liens; and I may add as against all lien-holders of which the Association had no notice of their claims. But it may be said that the Association sold only the mortgagor's interest, who was the person named in the verified statement filed by the complainant in the office of the probate judge as being the owner of the house against which the lien is filed, and, therefore, as purchaser, it only bought his title with notice of the lien. All this would be true if the mortgagor had not made the deed to Mrs. Hurley before complainant acquired any rights. But with her deed upon record, complainant and the purchaser at the mortgage sale were each chargeable with notice of her ownership. She being the owner of the property upon the record, the purchaser cannot

be held to a knowledge of the secret equity upon which complainant must rely to get rid of the deed to her before he can subject the house to the satisfaction of his lien. He had no lien at all upon the house as disclosed by the records in the office of the probate judge.—Code, § 2727. This the Association knew when it made the purchase, and it should not be held to have known otherwise.—*Burch v. Carter*, 44 Ala. 115.

It is also urged that the complainant is not bound to aver notice in his bill on the part of the Association of the estoppel; but that the burden is upon it to invoke the defense of *bona fide* purchase for value, without notice, by plea or answer; and this is the view entertained by the majority of the court. I do not doubt that where the purchaser's title is not disclosed by the bill that the rule as contended for is applicable. But where the bill discloses the title of the purchaser and as disclosed, it is not subordinate to the lien sought to be enforced, it is clear to my mind that the bill is without equity. And where the complainant's relief, as here, must depend upon an equity of which the respondent purchaser had actual notice, the bill must aver the notice. Certainly it will not be disputed that the burden would be upon complainant to prove it.—*Hightower v. Bigsby*, 56 Ala. 126. And as notice is an essential fact, indeed the very foundation fact upon which his relief must depend, he should be required to aver it. It is the essence of the equity of his bill. However, as indicated, a majority of the court hold (a conclusion, in which the writer cannot concur), that if the complainant proves the matter of estoppel averred in the second paragraph of the amendment filed February 2, 1900, to bill, he is entitled to subject the house to the satisfaction of his lien.—*Hawkins Lumber Co. v. Brown*, 100 Ala. 217; *Wadsworth v. Hodge*, 88 Ala. 500.

The other phase of the bill, about which there is no disagreement between us, is predicated upon the plaintiff's right to have his debt paid out of certain money arising out of a policy of insurance which is now in the possession of the respondent bank. To this end, it is averred that when the complainant made the contract with W. F. Hurley, the debtor, to furnish the

material and erect the improvements on the lot, it was agreed between them that he should be paid out of the money to be collected on a certain policy of insurance when the loss was adjusted and the work was completed. That the loss was $500 and that by agreement one Brannen was in writing authorized to collect the insurance money and pay complainant's claim out of it. That this "money should be bound for the amount of complainant's debts in the hands of said Brannen." It is further shown that the insurance company sent the check for the amount of the loss to the People's Bank payable to the National Building & Loan Association, which held the mortgage on the lot, as its interest might appear. That there is not due on this mortgage debt more than two hundred dollars. That the bank declined to pay said check unless both the Association and Hurley indorse it, as both claimed the proceeds of the check. Whereupon the Association and Hurley agreed to indorse the check and that the bank hold the proceeds until the dispute could be settled between them. It is also averred that the agreement whereby Brannen was authorized, etc., was made before the agreement between the Association and Hurley with reference to the bank retaining the money, etc. While it is not distinctly shown how the Association claims this money or any portion of it, it inferentially appears that the loss was made payable by the terms of the policy to it as its interest may appear. Assuming this to be true, confessedly that company would be entitled to two hundred of the five hundred dollars, leaving three hundred to go to Hurley unless the complainant is entitled to condemn it in this proceeding.

From the foregoing averments it does not appear that the policy of insurance was legally or equitably assigned. It is not averred that it was delivered either to the complainant or to Brannen. Construing the averments, as upon demurrer, we would be bound to hold that they show simply an attempted assignment of a portion of the sum to be collected upon the policy. In effect a mere agreement between Hurley and complainant that his debt would be paid out of a particular fund;

or it may be that it might be said that it was a mere verbal order to complainant on Brannen when he collected the money of the insurance company to pay the complainant's debt. If Brannen had succeeded in making the collection, and the funds had reached his hands, if he had accepted the order, the complainant would have a right of action against him. But as he never collected it, the case as made, cannot be distinguished in principle from that class of cases where one person draws a draft or check on another and delivers it to the person to whose order it is payable; or where a person promises to pay a debt out of a particular fund. In these cases, the draft or check nor the agreement operate an assignment of the fund at law or in equity. *Nat. Com. Bank v. Miller*, 77 Ala. 168; *Ex parte Jones, Ib.* 330; *Sands & Co. v. Matthews*, 27 Ala. 399; *Christman v. Russell*, 14 Wal. 69. If, however, the policy of insurance was delivered to complainant or to Brannen in pursuance to the agreement, it became a security for the complainant's debt and there was an equitable assignment of it which he may enforce in this proceeding. If he acquired an equitable assignment of the policy in this way, he became the equitable owner, to the extent of his debt in the five hundred dollars.—*Lowry v. Peterson*, 75 Ala. 189; *Hutchinson v. Simon*, 57 Miss. 628; *Van Rifer v. Baldwin*, 26 N. Y. (19 Hun.) 344; *Norton v. Insurance Co.*, 111 Mass. 532; *Bell v. Moore*, 79 Va. 341; *Christman v. Russell, supra.*

We do not wish to be understood, however, as holding that the complainant is entitled to any portion of the money to the exclusion of the Building & Loan Association. For, if it be shown, as is inferentially admitted in the bill, that the loss was payable to the Association as its interest may appear, the Association would have the first right to be paid out of the money, even to the extent of appropriating the whole of it if necessary to the extinguishment of the balance due to it.

The cause being here on appeal from a decree dismissing the bill for want of equity, we have treated the bill as amended in respect to the defect pointed out. When amended as indicated, it will clearly contain

equity upon that phase of the case last discussed. *Sherer v. Garrison,* 111 Ala. 228; *Bell v. Montgomery Light Co.,* 103 Ala. 275, and cases cited.

Reversed and remanded.