# Hanchey *v.* Powell.

*Bill to Declare Mortgage Void Because Given to Secure Husband's Debt.*

(Decided April 20, 1911. 55 So. 97.)

1. *Husband and Wife; Mortgage on Wife's Property; Validity.*— where lumber was sold to the plaintiff to be used on his wife's land, but was sold on the credit of the husband, and the wife was not originally liable therefor either in law or in equity, a mortgage executed by her on her estate to secure said debt, was void under section 4497, Code 1907.

2. *Same; Evidence.*—Where the only debt secured by the mortgage on the wife's estate was the debt of the husband, the liability for the costs of insurance taken out by the mortgagee on the building was not covered by a clause in the mortgage providing for future advancement or otherwise; nor could the mortgage be extended or changed by parol so as to include the same.

APPEAL from Pike Chancery Court.
Heard before Hon. L. D. GARDNER.

[Hanchey v. Powell.]

Bill of N. J. Powell against W. E. Hanchey, to declare a mortgage void, because given to secure the husband's debt and to cancel same as cloud upon title. From a decree for complainant respondent appeals. Affirmed.

FOSTER, SAMFORD & CARROLL, for appellant. In the first place, Mrs. Powell was not a surety.—*M. & O. v. Nicholas*, 98 Ala. 125; *Wimberly v. Windham*, 104 Ala. 409; *Montgomery v. Hughes*, 65 Ala. 204; *Anderson v. Bellinger*, 87 Ala. 336. Under these authorities, it is insisted that Mrs. Powell was not a mere volunteer, nor was the mortgage without consideration as to her, since the lumber had been bought for her benefit, and had been used in the erection of her house before she signed the papers. The statute is not intended as a prohibition upon the right of the wife to contract further than to be surety for the husband. The word "surety" in the statute must be given its legal, well defined meaning as set forth in the authorities cited above. It only applies where there is no consideration moving to the surety on account of the transaction.—21 Cyc. 1456, and 1465, and 1468, and authorities cited in the note.

W. E. GRIFFIN, and J. H. WILKERSON, for appellee. Under the facts in this case the credit was given to the husband, and when the mortgage was executed the creditor was an existing creditor who consented to and was cognizant of the voluntary gift and conveyance of his vendee. Hence, there was nothing in the defense of fraud.—*Kohn v. Peters*, 104 Ala. 523; *Robbins, et al. v. Wooten*, 128 Ala. 373; 20 Cyc. 434. If the husband was still bound, then the wife was his surety in violation of the statute.—*Richardson v. Stevens*, 114 Ala. 238; *Houghton v. Hill*, 138 Ala. 625. As to how a wife may be bound see.—*Wadsworth v. Hodge*, 88 Ala. 500.

ANDERSON, J.—Section 4497 of the Code of 1907 expressly provides that "the wife shall not, directly or indirectly, become the surety for the husband." It is needless to consider the technical definitions of the word "surety," as our court has repeatedly applied this statute to facts similar to the transaction in question, and has in effect held that if the wife gives a mortgage to secure a debt contracted by the husband, and not for her as her agent, and for which she was not originally liable in law or equity, as distinguished from a mere moral obligation growing out of the fact that she or her estate had been benefited by the money lent the husband, the said mortgage was invalid, and would be canceled at her instance. The test being whether or not she was originally liable in law or equity for the debt, and not whether or not she was benefited by same, if the mortgage is given to secure a debt for which the husband was alone liable, it fails within the prohibition of said section 4497.—*Richardson v. Stephens*, 122 Ala. 301, 25 South. 39, also reported in 114 Ala. 238, 21 South. 949; *Wadsworth v. Hodge*, 88 Ala. 506, 7 South. 194; *Hawkins Lumber Co. v. Brown*, 100 Ala. 217, 14 South. 110; *Horton v. Hill*, 138 Ala. 625, 36 South. 465; *Thompson v. Hudgins*, 116 Ala. 93, 22 South. 632. The testimony of the respondent shows that the lumber was sold to the husband, and while he knew the wife owned the land, and it was to be used for her benefit, he looked only to the husband for the payment of same. He did not sell it to the wife, or to the husband as her agent, but to the husband individually, who was to pay the debt with money he was going to get from Babe Powell, and the wife was not looked to or considered as complainant's debtor until after Babe Powell failed to supply the money and the mortgage was given. The wife was not originally or primarily liable for the debt,

[Carr v. Carr.]

and the giving of the mortgage by her was but securing a debt of her husband, and she was a mere volunteer.

There is no merit in the contention that the mortgage should stand as security for the cost of insurance taken out by the respondent. If the complainant agreed to this, she would no doubt be liable for same; but this debt is not embraced in the mortgage by a future advance clause or otherwise, as the only debt secured by the mortgage was the one expressed in the face of same, which was the lumber account, and the mortgage cannot be changed or extended by parol, so as to include debts not covered by same.

The decree of the chancery court is affirmed.

Affirmed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.