155 So. 360

## BECKER ROOFING CO. v. HANKS et al.
### 7 Div. 229.

Supreme Court of Alabama.
March 29, 1934.

Rehearing Denied June 28, 1934.

---

[1] Ante, p. 682

Charles F. Douglass, of Anniston, for appellant.

Obe Riddle, of Talladega, for appellees.

BOULDIN, Justice.

The bill is to enforce a mechanic's lien.

The improvement consisted of a new roof on a dwelling owned by appellee Maude M. Hanks, a married woman.

The main issue of fact was whether the wife signed the written contract for such improvement.

The point is here raised by appellant that no sworn plea or answer was interposed denying the execution of such contract.

The amended bill made the contract, purporting to be signed by both husband and wife, an exhibit thereto, and waived oath to the answer.

The answer expressly denied the execution of the contract on the part of the wife or any one authorized to bind her. Evidence on this issue was taken by both sides, was fully noted in the submission, and the trial court rendered his decree in favor of the wife on that issue.

So far as appears the question of a sworn plea or answer is raised for the first time in this court. If raised in the trial court, the defect, if such there was, could have been promptly cured. Such objection, raised for the first time on appeal, comes too late. C. G. Kershaw Contracting Co. v. Cascade Corporation of Alabama, 224 Ala. 116, 138 So. 815.

But we do not consider this contract the "foundation of the suit," within the meaning of Code, § 7663.

Mechanics' liens arise upon a chain of events, and proceedings, of which the initial contract is a part. A contract, express or implied, is an essential part of the evidence, just as a deed or muniment of title may be in an action of ejectment.

That the written order for the roof is not the "foundation of the suit" is quite well illustrated in the bill before us. The complainant, in one alternative, seeks relief, notwithstanding the wife never executed this written instrument, viz.: That the husband, with her knowledge and consent, made the contract on her behalf, or that she ratified his act and so bound her property. No written contract is necessary to create mechanics' liens. If one is alleged, and not admitted, complainant must prove his allegation as part of his case. The foundation of the suit here is a mechanic's lien, growing out of the furnishing of labor and material, to make the improvement at the instance of the owner, or some one acting for her with authority, followed by proceedings required by law to fasten a lien on the property. Capehart v. Granite Mills, 97 Ala. 353, 12 So. 44; Zion Star Baptist Church v. Hart, ante, p. 24, 152 So. 44.

The evidence is in sharp conflict.

Complainant's evidence asserts Mrs. Hanks did sign the contract, giving details as to time and place, and persons present.

Defendants' evidence is, alike, direct and positive as to time and place of execution; asserts that Mrs. Hanks was in another

county when the contract was made by her husband and the roof put on without her knowledge or approval.

The evidence was, in large part, heard orally by the trial judge. Under the well-known rules of review in such cases, this court has not the opportunity, as did the trial court, to see and observe the witnesses, their manner of testifying, etc. We cannot say the finding of the court was clearly and manifestly wrong. No reversal can be had in such case, whatever be our views as to the preponderance of the evidence, judged from a typewritten record, and some signatures submitted for comparison.

■ The letter from Mrs. Hanks to complainant's attorney, Exhibit D to complainant's testimony, written a year after the transaction, cannot be held to be a ratification of any act of her husband, so far as relates to a lien on her property. This letter is in keeping with her testimony, denying the execution of the contract, as well as her consent to the roof being put on; is a begging for time for payment of the husband's debt, and a promise to assist in making payment, when able to do so.

■ Merely accepting the status quo after the roof was put on, and recognizing an obligation to pay for it, will not suffice to create a lien on her property. Wadsworth v. Hodge, 88 Ala. 506, 7 So. 194; Hawkins Lumber Company v. Brown, 100 Ala. 217, 114 So. 110; Hanchey v. Powell, 171 Ala. 597, 55 So. 97.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.