160 So. 685
### GRIFFIN LUMBER CO. et al. v. O'GARA et ux.

6 Div. 731.

Supreme Court of Alabama.

April 11, 1935.

Arthur Green, of Bessemer, and Morris Loveman, of Birmingham, for appellees.

McEniry & McEniry, of Bessemer, for appellants.

BOULDIN, Justice.

The bill was filed to enforce a mechanic's lien on residence property for labor and material furnished by complainants in making improvements thereon.

The appeal is from a decree sustaining demurrers to the bill as amended.

The bill avers the ownership of the property in respondent, Sarah O'Gara; alleges the improvement was made under written contract exhibited to the bill. This contract, made exclusively by and with the husband, James D. O'Gara, in his own name and right, makes no reference to the wife as a party to the contract, nor as owner of the property. It is referred to in the contract as "his residence," meaning the husband. Impliedly, he is referred to as the owner. It is averred said materials were furnished for the "use, enjoyment and benefit" of the wife; and by amendment it is averred "That said Sarah O'Gara lives upon the said premises and the said materials and labor were furnished with her knowledge and consent."

This court has, in a long line of decisions, stated with much precision and care the law touching the creation of mechanics' and materialmen's liens on the property of the wife for improvements made at the instance of the husband. We forego a restatement of the

268

governing principles in detail, contenting ourselves by a citation of our decisions.

Suffice to say, the amended bill fails to disclose any contractual obligation on the part of the wife in person, by the husband as her agent with express or implied authority, by an assumed agency followed by ratification, or by any matter of estoppel in equity. Wadsworth v. Hodge, 88 Ala. 500, 506, 7 So. 194; Hawkins Lumber Company v. Brown et al., 100 Ala. 217, 14 So. 110; Hanchey v. Powell, 171 Ala. 597, 55 So. 97; Wilson v. Andalusia Mfg. Co., 195 Ala. 477, 70 So. 140, 4 A. L. R. 1016; Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45; Becker Roofing Co. v. Hanks et al., 228 Ala. 685, 155 So. 360.

 Appellants do not insist the bill is good under the general statutes involved in above-cited authorities, but rely on a Local Act for Jefferson County. Loc. Acts 1900–01, p. 2215; Terry's Local Acts of Jefferson County, p. 581, § 11 (Acts 1888–89, p. 998, § 11), as construed in McGeever v. S. H. Harris & Sons, 148 Ala. 503, 41 So. 930.

This statute was, as we have held, expressly repealed by Code, § 8862 (4784). Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 163, 115 So. 90.

We see no good reason to depart from that decision.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.