93 So.2d 747

### E. D. WHITESIDE et al.
### v.
### Lloyd BROWN.
#### 7 Div. 279.

Supreme Court of Alabama.

March 21, 1957.

Burnham & Klinefelter, and Emerson & Watson, Anniston, for appellants.

Young, Aird & Young, Anniston, for appellee.

GOODWYN, Justice.

Appellants, E. D. and N. Q. Whiteside, filed a bill of complaint in the circuit court of Calhoun County, in equity, against appellee, Lloyd Brown, seeking to enjoin him from obstructing an alleged public road through reclaimed land. Appellee answered the bill denying that the road is a public road. After taking testimony ore tenus the trial court rendered a decree denying relief to complainants and dismissing their bill. It is from that decree that they prosecute this appeal.

There is only one assignment of error and that presents for review the factual issue whether the evidence shows the disputed road has become a public road by prescription. No question of a way of necessity is involved. Nor is there any question about appellants sustaining such special injury as will entitle them to maintain the action if the disputed road is in fact a public road. Ayers v. Stidham, 260 Ala. 390, 392, 71 So.2d 95; Benson v. Pickens County, 260 Ala. 436, 438, 70 So.2d 647.

In aid of a better understanding of the situation we include the following rough drawing, not to scale, showing the disputed road and other pertinent data brought out in evidence, viz.:

3.

It appears that E. D. Whiteside acquired the North half of the Southeast quarter of Section 13, containing 80 acres, by deed executed under date of January 10, 1947, from H. B. Love and others, and the other land shown on the map as owned by the Whitesides by deed from J. G. Wood and wife executed under date of May 7, 1951. E. D. Whiteside testified that after acquiring the property, there was a division of the 80-acre tract between himself and his brother, N. Q. Whiteside, the North half going to N. Q. It appears that the land in which appellee has an interest, across which the disputed road runs, has been in his family for many years.

The Wood deed, in addition to conveying the land itself, also conveys "a twenty-five foot right of way on the North side of the said Murray Branch beginning where the field road crosses the said Murray Branch and running West along the North side of Murray Branch to the twenty acres described in this deed." As we understand it, this right of way was acquired by Wood when his father's land was divided among his heirs, the right of way being across a part of said land. Appellee acknowledges that he has barricaded the disputed road and has taken other steps to effectively deny the use of it to appellants and the traveling public. The "disputed road" here involved extends from the Murray Branch to Shoal Creek Road. We are not concerned with that part of the road shown on the map running in a northerly direction from Murray Branch.

If there has been acquired by the public a right to continue the use of the "disputed road" as a public highway, admittedly it is only by virtue of a prescriptive use for a period of twenty years or more. In Ayers v. Stidham, supra, it was said as follows [260 Ala. 390, 71 So.2d 97]:

"* * * It is now settled in this state that an open, defined roadway, through reclaimed land, in continuous use by the public as a highway without let or hindrance for a period of twenty years becomes a public highway by prescription. When such circumstances are shown, a presumption of dedication or other appropriation to a public use arises. The burden is then on the landowner to show the user was permissive only, in recognition of his title and right to reclaim the possession. Locklin v. Tucker, 208 Ala. 155, 93 So. 896 (wherein conflicts were recognized and some holdings overruled); Still v. Lovelady, 218 Ala. 19, 117 So. 481; Scruggs v. Beason, 246 Ala. 405, 20 So.2d 774; West v. West, 252 Ala. 296, 40 So.2d 873; Huggins v. Turner, 258 Ala. 7, 60 So.2d 909. * * *"

To entitle appellants to the relief sought it was incumbent on them to show a continuous use of the roadway as a highway by the public without let or hindrance for a period of twenty years. On this issue, which is determinative of the case, the trial court found against appellants. After carefully considering the evidence we cannot say that the trial court, in so finding, was plainly and palpably wrong. While there is evidence which may be said to lend support to a finding of public user for the prescriptive period we think, on the whole, it was fairly a question to be determined by the trier of facts after due consideration of all the evidence, including its conflicting tendencies. As has been said so many times, where testimony is given ore tenus the judgment of the trial court has the effect of a jury's verdict and will not be disturbed on appeal unless plainly and palpably wrong. Hinson v. Byrd, 259 Ala. 459, 66 So.2d 736; Dorsey v. Dorsey, 259 Ala. 220, 66 So.2d 135; Haden v. Boykin, 259 Ala. 504, 66 So.2d 708; Huggins v. Turner, 258 Ala. 7, 60 So.2d 909. The question being fairly debatable and neither conclusively proved nor disproved, "this court under our settled rule, will not substitute its own judgment for that of the trier of facts at nisi prius, who heard the witnesses testify and who is charged with the primary duty and responsibility of determining the

matter." Forest Hill Corporation v. Latter & Blum, 249 Ala. 23, 29, 29 So.2d 298, 302.

The decree appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.