114 So.2d 263

Thomas E. ELDER et al.

v.

C. W. STEWART et al.

7 Div. 399.

Supreme Court of Alabama.

June 25, 1959.

Rehearing Denied Aug. 20, 1959.

Rogers, Howard & Redden, Birmingham, for appellants Elder.

James & Beavers and Atwell Brown, Birmingham, for appellant Equitable Life Assur. Soc.

Thos. Reuben Bell, Sylacauga, for appellee.

STAKELY, Justice.

This is a proceeding in equity to enforce the statutory lien of C. W. Stewart, a gen-

eral contractor, for the balance alleged to be due under a contract for the construction of a house on property now owned by Thomas E. Elder and Pauline McClure Elder, on which property a mortgage has been executed to The Equitable Life Assurance Society of the United States. The parties, other than those named, are contractors and materialmen, claiming liens on part of the balance claimed to be due them, respectively, by C. W. Stewart. These claims are not disputed by C. W. Stewart and present no controversy on this appeal.

The court below rendered a decree after oral argument before the court. This decree was later modified and amended by the court on motion of several of the parties. The modified and amended final decree ordered that the contractor, C. W. Stewart, have and recover from Thomas E. Elder the sum of $6,970 with interest. It further ordered that the contractor has a lien of the aforesaid judgment as claimed in the bill of complaint. The court further ordered that the right, title and interest of all of the parties to this cause in and to the real property here involved be condemned for the satisfaction of the aforesaid judgment and that unless said judgment be paid into court within fifteen days from the time this decree was rendered, the property would be sold at public auction. From this decree Thomas E. Elder, Pauline McClure Elder and The Equitable Life Assurance Society of the United States bring this appeal.

Many of the issues presented on this appeal are variations of the question of whether the decree of the lower court is properly supported by the evidence. The court found as a matter of fact that an agent of Equitable, Jim Peters, while acting within the line and scope of his authority, in order to effectuate the sale of an insurance policy and to effectuate a loan for his company, falsely represented to Mr. and Mrs. Elder, that if Mr. Elder would sign a certain contract, which called for an amount of $22,000 for the construction of a house in accordance with certain plans

and specifications, the Elders would be able to procure the construction of said house for the sum of $15,700, and that in reliance on said representations, Mr. Elder, in good faith, signed the contract, which was subsequently performed. The court further found that in addition the contractor, Stewart, performed certain work not called for in the plans and specifications, for which Mr. Elder is due the contractor the sum of $770. The court further found that at the time the aforesaid building contract was negotiated and signed, with the knowledge of and without contradiction by Mrs. Elder or Mr. Peters, Mr. Elder represented and held himself out to be the owner of the property whereupon the house was constructed and the contractor entered into said contract believing Mr. Elder to be the owner of the lot; and that after the signing of the contract and before the beginning of the construction of the house, Mr. and Mrs. Elder acquired title to the lot. The court further found that Mr. and Mrs. Elder have paid to the contractor the total sum of $15,800, leaving a balance of $6,970 due the contractor for his work.

The appellants contend that the finding of the trial court with regard to the amount owed the contractor by Mr. Elder is contrary to the overwhelming weight and preponderance of the evidence and should, therefore, be reversed.

The testimony was in sharp conflict. Most of the witnesses who testified were interested parties in the case. All of the evidence was heard orally by the trial court. In such instance the court's finding has the effect of a jury's verdict and will not be disturbed on appeal unless plainly erroneous or manifestly wrong. Haden v. Boykin, 259 Ala. 504, 66 So.2d 708; Hinson v. Byrd, 259 Ala. 459, 66 So.2d 736. In Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558, 560, this court observed:

"We have said it is not necessarily a question as to what view the reviewing court might have of the evidence, but that if, under any reasonable aspect,

the decree below is fairly supported by credible evidence, it is our duty to affirm. Rodgers v. Thornton, 254 Ala. 66, 68, 46 So.2d 809."

We have made a careful examination of the testimony in this case and conclude that there is sufficient evidence to support the findings of fact made by the court below, except as hereinafter stated.

It is insisted that the lower court erred insofar as its decree sought to establish a lien against the property of Mrs. Elder and ordered a sale of this real property to satisfy the money judgment rendered by the court against Mr. Elder and in favor of the contractor. It is argued that Mrs. Elder was not a party to the contract between Mr. Elder and the contractor, Stewart, for the construction of the house on the property owned jointly by Mr. Elder and Mrs. Elder. It is further argued that the decree of the court is erroneous insofar as it seeks to subject the interest of Mrs. Elder in the real property in question to a lien for the collection of the judgment against Mr. Elder.

■ The lien claimed by the contractor is a statutory lien. The statute creating the lien is found in Title 33, § 37 et seq., Code of 1940. The effect of Section 37 is to give every mechanic or materialman who performs any work or labor, furnishes any material for any building or improvement on land by virtue of any contract with the owner or operator thereof, or his agent, architect, trustee, contractor or subcontractor a lien on improvements and on the land, to the extent and ownership of all the right, title and interest of the owner or proprietor. The statutory requirement, therefore, is that the contractor must have a contract to perform the work and furnish the material performed and furnished by him with the owner or his agent acting within the scope of his authority.

The evidence shows that Mrs. Elder was not a party to the original contract for the construction of the house in question. The lower court in effect found this to be the case when it awarded a money judgment against Mr. Elder only. The evidence tends to show that Mrs. Elder objected to her husband signing the contract in question.

■ It cannot be held that Mr. Elder acted as his wife's agent in contracting with Stewart to build the house in the absence of any evidence tending to show an agency relationship. No such relationship was shown. The mere fact that Mrs. Elder later took part in directing the building of the house, inspected the progress being made almost daily and upon its completion moved in and occupied the house, does not necessarily show a ratification by her of the contract made by her husband. The law with regard to this is well settled. A comprehensive statement of the law is found in the early case of Wadsworth v. Hodge, 88 Ala. 500, 7 So. 194; Wilson v. Andalusia Mfg. Co., 195 Ala. 477, 70 So. 140, 4 A.L.R. 1016:

"The contract must be either originally that of the wife, through herself, or her authorized agent, or else the husband, or other agent, must assume to contract for her and in her own behalf, and such contract be subsequently ratified by her, with full notice or knowledge of its nature. In the absence of a contract of this character, no lien will attach to her property. And, where the credit is given solely to the husband, he alone is bound, although it may appear that the wife knew that the building or improvements were in process of erection on her land, and said nothing, or that she and other members of the family afterwards occupied the building as a dwelling."

In the case of Wilson v. Andalusia Mfg. Co., 195 Ala. 477, 70 So. 140, it was stated that:

"Her (the wife's) acts in causing changes of plans for the repairs and her practically constant presence at the building during its alteration and repair could not be referred to her ratifi-

cation of the contract for materials that was not made or attempted to be made in her name or for her."

See also Womack v. Myrick Lumber Co., 200 Ala. 591, 76 So. 949; Becker Roofing Co. v. Hanks, 228 Ala. 685, 155 So. 360; Kennedy v. Nelson, 37 Ala.App. 484, 70 So. 2d 822.

Therefore the lower court erred in subjecting Mrs. Elder's interest in the real property here involved to the lien to satisfy the judgment rendered against Mr. Elder on the contract between Mr. Elder and Stewart. It thus results that the court erred in ordering a sale of the real property here involved for the satisfaction of the aforementioned judgment against Mr. Elder.

The appellant, Equitable Life Assurance Society, insists that the court below committed error in finding as a matter of fact that its agent, Jim Peters, while acting within the line and scope of his authority, made false representations to the Elders to their damage, since there were no allegations of fraud or misrepresentation in the original bill.

It is obvious from the final decree that such findings of fact with reference to the alleged fraud or misrepresentations of Jim Peters were not made the basis of the decree of the court. There will probably be further proceedings in this case and accordingly we do not think that such further proceedings should be prejudiced by the findings of fact in the present decree which in effect states that the agent of the Equitable Life Assurance Society made false representations to Thomas E. Elder while acting within the line or scope of his authority. Consequently, the decree of the lower court should be further modified to exclude such findings of fact. The cause is remanded to the lower court so that any claim that Thomas E. Elder or Pauline McClure Elder may have against the Equitable Life Assurance Society of the United States or any claim the Equitable Life Assurance Society of the United States may have against Thomas E. Elder or Pauline McClure Elder may be further litigated, if either of the parties so desire.

The lien of the contractor C. W. Stewart has priority on Thomas E. Elder's interest in the property over the mortgage of the Equitable Life Assurance Society of the United States, since it is alleged in the bill and the proof shows that subsequent to the commencement of work on said building on said property, the respondents Thomas E. Elder and Pauline McClure Elder did on or about January 25, 1957, execute a mortgage on the above described property to the Equitable Life Assurance Society of the United States, which mortgage was recorded in the office of the Judge of Probate of Talladega County on January 29, 1957. § 38, Title 33, Code of 1940. It is alleged and the evidence shows that the contract with the contractor was made prior to the execution of the mortgage.

The opinion of this court is corrected as herein set forth and the decree of this court is corrected in accordance with this opinion.

Original opinion corrected and applications for rehearing overruled.

Affirmed in part, rendered in part and in part reversed and remanded.

LAWSON, MERRILL and GOODWYN, JJ., concur.