122 So.2d 764

James K. KYSER

v.

E. L. DOAN.

Thelma KYSER

v.

E. L. DOAN.

James K. KYSER

v.

A. J. RODGERS BUILDING SUPPLY COMPANY.

Thelma KYSER

v.

A. J. RODGERS BUILDING SUPPLY COMPANY.

1 Div. 882, 881, 880, 879.

Supreme Court of Alabama.

Aug. 18, 1960.

Rehearing Denied Sept. 15, 1960.

**230**

Howell, Johnston & Langford, Mobile, for appellants.

Winston F. Groom, Mobile, for appellee Doan.

Fred F. Smith, Jr., Prichard, for appellee Rodgers.

MERRILL, Justice.

These four cases arose out of certain remodeling work done by appellants, James K. Kyser and wife, Thelma Kyser, on property which they purchased at 15 Wilcraft Road in Prichard, Alabama, from one Lewis E. Moore.

The deed from Moore to the Kysers was delivered on December 21, 1957, but negotiations had been going on for some two months, and appellants had started the remodeling work early in November.

Appellants had contacted appellee E. L. Doan, a builder, and had agreed on certain sketches and certain remodeling to be done. The work was begun and sometime before December 20th, a written contract was signed by appellants and Doan and deposited with First Federal Savings & Loan Association, which had agreed to furnish part of the money required to satisfy a mortgage of Lewis E. Moore and part of the money for the remodeling.

The work progressed with the bulk of the materials being supplied by appellee, A. J. Rodgers Building Supply Company, until February, 1958, when appellants moved into the remodeled house and Doan left the job.

On May 2, 1958, A. J. Rodgers Building Supply Company filed a bill in equity against appellants to enforce a materialman's lien in the amount of $2,687.85. On June 24, 1958, Doan filed a suit at law claiming a balance due him under the contract, for extra work done, and also claiming a lien on the premises.

By consent of all the parties, Doan's suit was transferred to the equity side of the court and the causes were consolidated.

The trial consumed six days and at its conclusion, the trial court entered a decree in favor of Rodgers for $2,687.85, and fixed a lien against the interest of each in prop-

erty described in the decree as Lot 7, Block 3 of the Goodloe Homesteads.

The court also found in favor of Doan for $700, and fixed a lien on the property for that amount. All liens were made subject to the lien of First Federal Savings & Loan Association.

Appellants filed separate appeals from each part of the decree.

Appellants' assignments of error in the Doan case are identical, and some are common to those in the Rodgers case.

■ The main question presented in the Doan case is the effect of the written contract which appellants and Doan signed after he had begun directing and overseeing part of the remodeling work.

We quote Items 1, 5 and 6 of the contract:

"1: The contractor agrees and binds himself to furnish all of the material and perform all of the work for the completion of the building and/or other improvements as described in the accompanying drawing or plan, initialed by the respective parties and the First Federal Savings & Loan Association of Mobile, Alabama, in strict accordance with said plans and specifications herein set out, and with the agreements contained herein, on the real property in the City and County of Mobile, Alabama, described as follows, to-wit:

15 Wilcraft Rd
Prichard

all for the total sum of $7,250.00.

"5: This contract supersedes any other contract or agreement which may have been entered into pertaining to the property hereinabove described or any improvements thereon, and will be rescinded or modified only with the written consent of the First Federal Savings & Loan Association of Mobile, Alabama.

"6: This contract contains the entire contract entered into by and between the parties, and no changes, extras or alterations in the work hereunder shall be made except on the written order of the owner, approved in writing by the First Federal Savings & Loan Association."

Doan did not pay for the materials and did not attempt to supervise some of the work, such as the plumbing. Appellants contend that Doan was the prime contractor and secured the sub-contractors. Doan and the sub-contractors assert that they were hired by appellants, looked to appellants for their pay and that Doan had nothing to do with their contracts with appellants.

Doan contends that he was not the prime contractor, that he was in charge of part of the remodeling job, and all he was to receive was pay for his work and that of the workers he hired, and that appellants were to furnish and pay for the materials. The proof showed that in many instances appellants did pay for materials ordered by Doan.

Doan contended that the contract was signed in order for appellants to borrow money from First Federal and that it was never intended to take the place of the oral agreement between him and appellants. This contention is fortified by undisputed evidence of many changes, extras and alterations in the work, none of which were approved or even brought to the attention of First Federal as required by Item 6.

It is apparent that neither appellants nor Doan complied with provisions of the signed contract, and the great weight of the evidence supports the idea that the parties did not consider themselves bound by it.

The testimony was hopelessly in conflict. Practically every material contention of one party was denied by the other. Appellants claimed that the work was poorly done and a maze of figures entered the testimony as to the cost of doing the work properly.

The trial court held that "the cross-complainants, James K. Kyser and Thelma Kyser are not entitled to judgment against the said E. L. Doan, in that the said James K. Kyser and Thelma Kyser accepted the work done by E. L. Doan by moving into the said completed addition;" and awarded Doan a judgment for $700.

■ Where testimony is given ore tenus, the judgment of the trial court has the effect of a jury verdict and will not be disturbed upon appeal unless plainly and palpably wrong, and the reviewing court will not substitute its own judgment for that of the trier of facts, even though this court might have reached a different conclusion. Whiteside v. Brown, 266 Ala. 27, 93 So.2d 747; Elder v. Stewart, 269 Ala. 482, 114 So.2d 263; 2A Ala.Dig., Appeal & Error, ☞1008 (1). This proposition of law is dispositive of the questions of fact raised on these appeals by the assignments of error which are based upon findings of fact.

■ Appellants contend that their demurrer to Doan's bill was improperly overruled. They concede that the court's ruling "amounted only to an overruling of our demurrer to the bill of complaint as a whole." Considering only those grounds of demurrer going to the bill as a whole, the court correctly overruled the demurrer.

In the Rodgers' case, the trial court found that "the complainant, A. J. Rodgers Building Supply Company, Inc. furnished materials which were used in the construction of or remodeling of a dwelling house on the property hereinafter described, and due notice of same was given to James K. Kyser and Thelma Kyser and therefore A. J. Rodgers Building Supply Company, Inc., a corporation, is entitled to a lien on the property hereinafter more specifically described in the sum of Two Thousand Six Hundred and Eighty-seven and 85/100 ($2,-687.85) Dollars,."

■ The question of notice was contested and testimony was given to support the giving of notice and there was evidence to the contrary. Again, the trial court was required to reach a decision and we cannot say that he was plainly wrong, and we again apply the rule for which we have already cited Whiteside v. Brown, 266 Ala. 27, 93 So.2d 747.

Irrespective of the question of notice, there was positive evidence that James K. Kyser acknowledged the debt for materials furnished by Rodgers and stated that he would pay it. This was denied, but the great weight of the evidence did not support the denial.

■ Appellant Thelma Kyser raises the point that her interest in the property should not be subject to the lien because the evidence fails to show any contract between her and Rodgers for the furnishing of building supplies. She cites Elder v. Stewart, 269 Ala. 482, 114 So.2d 263, for the correct proposition that when a materialman attempts to fix a lien on the wife's interest in property jointly owned by the husband and wife, the materialman must allege and prove a contract, either originally with the wife, through herself or her authorized agent, or else the husband, or other agent, must assume to contract for the wife and in her behalf, and such contract must be subsequently ratified by her, with full notice or knowledge of its nature. In the absence of a contract of this character, no lien will attach to the wife's property.

The instant case is different in that both husband and wife participated in the oral contract with Doan, each signed the written contract which was filed with First Federal and each separately paid for some of the items required by Doan to do the work. Elder v. Stewart, supra, is not applicable to this case.

■ There is an assignment of error common to the four appeals. It is charged that the court erred in fixing a lien on Lot 7, Block 3 of the Goodloe Homesteads, instead of on 15 Wilcraft Road, Prichard, Alabama.

Every witness who identified the property did so by its street address of 15 Wilcraft Road in Prichard. That was the description used in the written contract, in the statement of lien filed in the probate office, and the address to which the materials were billed.

In Rodgers' bill to enforce the lien, paragraph 4 reads:

"4. The complainant avers that it has filed a claim for a lien in the Probate Court of Mobile County, Alabama, on the 14th day of February, 1958, claiming a lien upon the premises described at 15 Willcraft Road, Prichard, Mobile County, Alabama, and more accurately described as property being in Mobile County, Alabama, to-wit:

"Lot 7, Block 3, Goodloe Homesteads according to plat thereof recorded in Map Book 4, Pages 480–482 of the records in the office of the Judge of Probate, Mobile County, Alabama."

The only testimony offered to show that the two descriptions referred to the same property was part of the direct examination of William J. Rodgers:

"Q. On what structure, if you know, was that used?

"A. On the place at 15 W. Wilcraft Road, Prichard.

"Q. Is that Lot 7, Block 3 of the Goodloe Homesteads?

"Mr. Langford: I object to the question. The witness is not shown to be qualified to answer.

"Court: Overrule.

"A. I don't know any other description than 15 Wilcraft Road, Prichard.

"Q. That is the same description as the property you have filed this claim, is it not?

"Mr. Langford: We object, unless he knows.

"Court: Overrule the objection.

"A. That is correct."

The trial court evidently copied the description used in the decree from the Rodgers' bill, because the decree reads:

"Property in Mobile County, Alabama, described at Lot 7, Block 3, Goodloe Homesteads according to Plat thereof according to Map Book 4, Pages 480–482 of records in the office of Judge of Probate, Mobile County, Alabama,."

The undisputed testimony is that First Federal has a mortgage on the property and all the liens are subject to that mortgage, and two officials of First Federal testified, but they referred to the property on which they had made a loan as "15 Wilcraft Road in Prichard."

Every inference from the testimony is that all parties and witnesses were speaking of the identical property, and all were familiar with 15 Wilcraft Road, but we think the quoted testimony by William J. Rodgers could leave some doubt as to whether both descriptions referred to the same property. Therefore, we are remanding the cause with directions to the trial court to add to the description in the decree the following:

"and known as 15 Wilcraft Road in Prichard, Mobile County, Alabama."

The description will then be in accord with the description in the bill of complaint and with the evidence adduced at the trial. If perchance the two descriptions do not refer to the same property, then action to delete the Lot and Block part of the description in the decree could be taken by the parties as they deem appropriate. We prefer to have the correction made in the circuit court rather than make it here as was done in Salter v. Goldberg, 150 Ala. 511, 43 So. 571, a mechanic's lien case where the description in the judgment was incomplete.

234

As already indicated, the decision in these causes turns on questions of fact. Many of the issues presented on appeal are variations of the question of whether the decree of the lower court is properly supported by the evidence.

We have not referred to all the assignments of error by number, but they have been considered, and the 571 page record has been read and studied. We conclude that there is sufficient evidence to support the findings of fact made by the court below and we cannot say that those findings are plainly erroneous or manifestly wrong. Elder v. Stewart, 269 Ala. 482, 114 So.2d 263; Whiteside v. Brown, 266 Ala. 27, 93 So.2d 747.

The decree of the lower court is affirmed, but the cause is remanded for an addition to the description of the property in the decree in conformity with this opinion. Kirkman v. Pittman, 269 Ala. 159, 111 So.2d 583.

Affirmed and Remanded for Correction of the Decree.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.