272 So.2d 248

**Rosetta J. HARRELL (formerly Rosetta J. Long)**

v.

**James O. LONG, Jr.**

**Civ. 54.**

Court of Civil Appeals of Alabama.

Jan. 17, 1973.

W. D. Wilkes, Jr., Guntersville, for appellant.

William J. Baxley, Atty. Gen., and Clyde P. McLendon and Jamie L. Pettigrew, Asst. Attys. Gen., for appellee.

**WRIGHT, Presiding Judge.**

On August 17, 1968, appellant was divorced from her husband and father of the minor child Tonya in the County Court of Marshall County, Alabama. By the decree, custody of the child was given to appellant. Upon petition filed in the Juvenile Court of Marshall County, temporary custody of the child Tonya was granted to the Marshall County Department of Pensions and Security on March 10, 1969. Tonya has remained in foster home care of the Department of Pensions and Security of Marshall County since that time. Tonya is now nearing five years of age.

On January 20, 1972, Allene Colvin, as Director of the Marshall County Department of Pensions and Security, filed a petition in the original divorce case in the County Court of Marshall County seeking permanent custody of Tonya in the Department of Pensions and Security of the State of Alabama; termination of the parental rights of the parents, and authorization for placement for adoption or other permanent planning.

To the petition, appellant, Rosetta J. Harrell, mother of Tonya Long, filed answer and cross-petition seeking custody and control of Tonya. To the cross-petition, answer was filed by appellee.

Testimony on petition and cross-petition was heard orally by the court on April 7 and 10, 1972. Decree dismissing appellant's cross-petition and granting custody of Tonya to the State Department of Pensions and Security for permanent planning was entered April 20, 1972. From that decree, appellant brings this appeal.

The error charged is that the decree is contrary to the evidence.

■ We have carefully read the transcript of the evidence in this case. It is evident from the decree of the court that it considered the evidence presented orally before it conscientiously, with the welfare of the child primarily in mind, and reached its conclusion based thereon. Such was its primary responsibility under the law. Modling v. Modling, 45 Ala.App. 493, 232 So. 2d 673; Ayers v. Kelley, 284 Ala. 321, 224 So.2d 673; Jenkins v. Jenkins, 45 Ala.App. 500, 232 So.2d 680.

■ This Court on review of a decree of custody of minor child rendered after hearing ore tenus presumes such decree to be correct unless from the evidence it is clearly and palpably wrong. Strickland v. Strickland, 285 Ala. 693, 235 So.2d 833; Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797.

We discern no reason for our relating the evidence presented in this case. It is not an unusual saga of a young girl giving birth to a child, conceived out of wedlock, at the tender age of fourteen years. Her subsequent marriage to the irresponsible father, resulting only in physical abuse, divorce immediately following, only added to her difficulties. Without a father to sus-

tain her and a mother who had remarried, Rosetta was forced to drift from place to place, becoming involved with those who are inclined to degrade rather than to uplift. She is to be commended in carrying her child with her, and apparently caring for her until she was taken from her by the juvenile court upon petition filed by her mother when the child was not quite one year old. Since being placed in a foster home, Rosetta has visited the child and sent it gifts and maintained an interest in her. She has apparently matured as a young woman and has improved her financial position to a point where she could support herself and the child. For all of this she is to be commended.

 Her desire for her child has been exemplified by her contest of the petition of appellee and her pursuit of this appeal. However, the child has been away from her for nearly four years. Though the mother is now financially able to care for herself and the child, she is unmarried and even now only twenty years of age. Considering all of the evidence before the trial court, and keeping uppermost in mind the best interest of the child, we cannot say that the decree of the court is plainly and palpably wrong. Where the trial court had the benefit of seeing and hearing the witnesses in an oral hearing and there is legal evidence to support its decree, the reviewing court will not substitute its judgment for that of the trier of the facts, even though the reviewing court might have reached a different conclusion. Porter v. Porter, 46 Ala.App. 22, 237 So.2d 507; Patterson v. Brooks, 285 Ala. 349, 232 So. 2d 598; Kyser v. Doan, 271 Ala. 229, 122 So.2d 764.

The decree of the trial court is affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.