BRADLEY, Judge.
This is an appeal from a judgment rendered in favor of Stephens Wholesale Building Supply Company, Inc. under the materialman’s lien law, §§ 35-11-210 and -218, Code 1975, and against Betty Cleveland Bettinger in the amount of $1,150.
Bettinger entered into an agreement with Scotty Bishop whereby Bishop agreed to construct an addition onto Bettinger’s home. After the addition onto her home was completed, Bettinger entered into another agreement with Bishop whereby Bishop agreed to construct a deck on Bet-tinger’s property. Bishop bought all the materials for the addition and the deck from Stephens Wholesale Building Supply Company, Inc. (Stephens Wholesale). The amount of purchases from Stephens Wholesale by Bishop which remains payable is $3,184.73.
As a result of this unpaid balance, on October 7, 1983 Stephens Wholesale notified Bettinger of its lien claim on her land and improvements thereon, and on October 10, 1983 filed its notice of lien with the probate judge. On October 14, 1983 Stephens Wholesale filed an action seeking recovery of money due and owing it from Bishop and seeking enforcement of a mate-rialman’s lien against Bettinger pursuant to section 35-11-210, Code 1975. After hearing testimony the trial court rendered judgment in favor of Stephens Wholesale and against Bettinger in the amount of $1,150 and against Bishop in the amount of $3,184.73. Bettinger filed a motion for new trial or in the alternative to set aside the judgment, which motion was denied.
Bettinger appeals to this court and contends that no materialman’s lien could be established against her property pursuant to section 35-11-210, Code 1975.
Section 35-11-210, Code 1975, is intended to give every mechanic or materialman who performs any work or labor, or furnishes any material for any building or improvement on land by virtue of a contract with the owner thereof, or his agent, contractor, or subcontractor, a lien on the improvements and on the land. Elder v. Stewart, 269 Ala. 482, 114 So.2d 263 (1959). This section permits a supplier to establish a lien on the improvements and the land in order to secure payment for his services and/or materials. Section 35-11-210 provides for two kinds of liens: “(1) a lien for the full price of the materials furnished and (2) a lien for the amount of the unpaid balance due the contractor from the owner.” Abell-Howe Co. v. Industrial Development Board, 392 So.2d 221 (Ala.Civ.App.1980).
It is undisputed that Stephens Wholesale’s materialman’s lien extends only to the unpaid balance, if any, which Bettinger (the owner of the land) owes Bishop (the original contractor). Baker Sand & Gravel Co. v. Rogers Plumbing & Heating Co., 228 Ala. 612, 154 So. 591 (1934). Thus, the issue on appeal is whether there was any evidence to support a finding that there was an unpaid balance in the amount of $1,150 due Bishop from Bet-tinger. The testimony concerning this issue was as follows.
Bishop testified that Bettinger owed him $1,150 for labor and materials furnished for the construction of the deck on her property. Bettinger testified, however, that she had paid Bishop in full for all the materials and labor that he provided. In *1371 support of her contention, Bettinger relied on a written statement from Bishop dated June 30, 1983, stating that money was received from Bettinger “on house repair, Balance] paid in full.” Bettinger contended that this statement proves that she had paid Bishop all that she owed him. She also stated that she never received any bills from Bishop after June 30th. She contends further that if she does indeed owe Bishop money, she owes him only approximately $120 instead of $1,150, since Bishop’s receipts reflect expenditures of only $120 for materials after June 30th. Bishop admitted that he had written the above statement, but testified that it reflected payments for labor and materials provided for the addition to Bettinger’s home and did not include payments for labor and materials provided for the construction of the deck on her property. Bishop contended that Bettinger still owed him $1,150 for the labor and materials required for the construction of the deck.
After an ore tenus trial the trial court’s actual findings will not be disturbed on appeal unless such findings are plainly and palpably wrong. Goss v. Brewton Materials, Inc., 429 So.2d 1085 (Ala.Civ.App.1983). Here, the evidence conflicted as to whether Bettinger owed Bishop any money for the construction of the deck and, if so, how much. This conflict was for. the trier of fact and we will not disturb the trial court’s conclusions unless clearly erroneous. Cherokee Insurance Co. v. Frazier, 406 So.2d 881 (Ala.1981). There was evidence to support the trial court’s findings that Bettinger owed Bishop $1,150 for the construction of the deck on her property. We therefore affirm the trial court’s order granting a judgment in favor of Stephens Wholesale against Bettinger in the amount of $1,150.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.