THOMAS, Judge.
 

 Nora Evans appeals from a summary judgment in favor of First National Bank of Jasper (“the Bank”) in an action on a promissoiy note and security agreement. We reverse and remand.
 

 On April 25, 1997, Evans purchased a vehicle from Carl Cannon Chevrolet Oldsmobile, Inc. (“Cannon”), pursuant to a retail installment contract and security agreement (“the contract”). That same day, Cannon assigned the contract to the Bank. On January 17, 2002, the Bank sued Evans, alleging a breach-of-contract claim seeking the balance due on the contract, plus an attorney fee, or, in the alternative, alleging a detinue claim seeking the recovery of the vehicle or its alternative value and damages for Evans’s wrongful detention of the property. A copy of the con
 
 *489
 
 tract and a copy of the title to the vehicle were attached to the complaint.
 

 On April 25, 2002, the Walker District Court entered a judgment in favor of the Bank in the amount of $5,130.55, plus costs and an attorney fee of $830. On May 9, 2002, Evans filed a timely postjudgment motion requesting a new trial.
 
 See
 
 Rule 59(dc), Ala. R. Civ. P. On May 21, 2002, the district court denied Evans’s postjudgment motion. On May 24, 2002, Evans timely appealed to the Walker Circuit Court.
 

 On December 5, 2005, the Bank filed a motion for a summary judgment in the circuit court. The Bank’s motion was supported by a narrative summary of undisputed facts, an affidavit executed by the Bank’s vice president, Milton L. Lay, Jr., and a copy of the title to the vehicle showing that the Bank held a lien on the vehicle. Lay’s affidavit stated that Evans was in default of the contract for failure to make the scheduled payments and that Evans owed the Bank $5,553.33 plus interest from September 21, 2003, as well as costs and an attorney fee of $830. Lay’s affidavit also averred that the Bank had demanded possession of the vehicle but that Evans had refused to relinquish control of the vehicle.
 

 In response to the Bank’s motion, Evans filed an affidavit acknowledging that she was in default of the contract for failure to make the payments as scheduled but denying that she had ever refused to relinquish control of the vehicle and stating that the Bank should have repossessed the vehicle in order to mitigate its damages. She further alleged that she had made a payment to the Bank’s attorney after the lawsuit was filed. Finally, she denied that she owed the Bank $5,553.33, plus interest, costs, and an attorney fee. Instead, she stated that she owed the Bank “less than $3,000.” On November 19, 2007, the circuit court entered a judgment in favor of the Bank, stating, in pertinent part:
 

 “[T]he Court finds the [Bank] is entitled to a money judgment against the defendant, Nora Evans, in the amount of $9,178.95 ($5,960.55 principal & attorney fees 4- $3,070.40 interest and $148.00 costs.)”
 

 On December 14, 2007, Evans filed a postjudgment motion pursuant to Rule 59(e), Ala. R. Civ. P. The circuit court denied that motion on December 18, 2007, and Evans timely appealed to this court on January 17, 2008. On appeal, Evans argues that the circuit court erred by entering a summary judgment in favor of the Bank because, she says, she demonstrated that there was a genuine issue of material fact on the question of damages. We agree.
 

 Finality
 

 A judgment is final if it adjudicates all claims against all parties.
 
 See
 
 Rule 54(b), Ala. R. Civ. P. In the instant case, the Bank asserted two claims, detinue and breach of contract, against Evans. The circuit court’s judgment awarded the Bank money damages on the breach-of-contract claim, rather than possession of the vehicle or, in the alternative, the alternate value of the vehicle.
 
 See
 
 § 6-6-256, Ala.Code 1975. The judgment is final, however, because to award to the Bank both money damages and possession of the vehicle or the vehicle’s alternate value would allow the Bank a double recovery, which is impermissible.
 
 Steger v. Everett Bus Sales,
 
 495 So.2d 608, 609 (Ala.1986) (stating that “[t]he trial court could have found that Everett was entitled either to possession of the bus, or to money damages for breach of contract, but it could not grant both forms of relief. To give Everett both possession of the bus and money damages
 
 *490
 
 would be to give it a double recovery. We cannot sanction such a result.”).
 

 Standard of Review
 

 Appellate review of a summary judgment is de novo.
 
 Ex parte Ballew,
 
 771 So.2d 1040 (Ala.2000). A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing “that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law.” Rule 56(c)(3);
 
 see Lee v. City of Gadsden,
 
 592 So.2d 1036, 1038 (Ala.1992). If the movant meets this burden, “the burden then shifts to the nonmovant to rebut the movant’s prima facie showing by ‘substantial evidence.’ ”
 
 Lee,
 
 592 So.2d at 1038 (footnote omitted). “[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.”
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989);
 
 see
 
 § 12-21-12(d), Ala.Code 1975. In reviewing a summary judgment, the appellate court must view all the evidence in a light most favorable to the nonmovant and must entertain all reasonable inferences from the evidence that a jury would be entitled to draw.
 
 See Nationwide Prop. & Cas. Ins. Co. v. DPF Architects, P.C.,
 
 792 So.2d 369, 372 (Ala.2000);
 
 Fuqua v. Ingersoll-Rand Co., 591
 
 So.2d 486, 487 (Ala.1991).
 

 Discussion
 

 The elements of a breach-of-eon-tract claim are “ ‘(1) the existence of a valid contract binding the parties in the action, (2) [the plaintiffs] own performance under that contract, (3) the defendant’s nonperformance, and (4) damages.’ ”
 
 Childersburg Bancorporation, Inc. v. Peoples State Bank of Commerce,
 
 962 So.2d 248, 253 (Ala.Civ.App.2006) (quoting
 
 Southern Med. Health Sys., Inc. v. Vaughn,
 
 669 So.2d 98, 99 (Ala.1995)).
 

 It is undisputed that there was a valid contract, that the Bank’s assignor had performed under the contract, and that Evans had failed to perform under the contract. As to the issue of damages, however, we conclude that a genuine issue of disputed material fact existed. Lay asserted that he had examined the books and records of the Bank and that he had personal knowledge that Evans owed the Bank $5,553.33, plus interest, costs, and an attorney fee. Lay further asserted that the Bank had demanded possession of the vehicle but that Evans had refused to relinquish control of the vehicle. In response, Evans asserted that she had made a payment to the Bank’s attorney after the lawsuit was filed and that she owed the Bank less than $3,000. She further asserted that she had never refused to relinquish control of the vehicle, and she stated that the Bank should have repossessed the vehicle in order to mitigate its damages.
 

 The Bank argues on appeal that Evans’s statement that she owed the Bank less than $3,000 was an unsubstantiated conclu-sory allegation that amounted to nothing more than speculation, conjecture, or guesswork that, the Bank says, was insufficient to establish a genuine issue of material fact. In support of its argument, the Bank cites
 
 Springfield Missionary Baptist Church v. Wall,
 
 993 So.2d 469 (Ala.Civ.App.2008),
 
 Bogle v. Scheer,
 
 512 So.2d 1336 (Ala.1987), and
 
 Nowell v. Mobile County Health Department,
 
 501 So.2d 468 (Ala.Civ.App.1986). Those three cases reiterate the general rule that conclusory allegations unsubstantiated by any facts are inadmissible in support of or in opposition to
 
 *491
 
 a summary-judgment motion. The Bank did not move to strike Evans’s affidavit on the ground that the allegations in it were unsubstantiated, however, and Lay’s affidavit reciting the amount that, the Bank claimed, Evans owed suffers from the same defect that it now claims infects Evans’s affidavit. Neither Lay’s affidavit stating what the Bank claimed Evans owed nor Evans’s affidavit disputing that amount and positing her own estimate of the amount she owed was substantiated by factual documentation. Moreover, Evans’s statement that she had never refused to relinquish possession of the vehicle clearly refuted Lay’s allegation that the Bank had demanded possession of the vehicle but that Evans had refused to surrender the vehicle to the Bank.
 

 Accordingly, because there were genuine issues of material fact, we conclude that the circuit court erred by entering a summary judgment in favor of the Bank. The judgment of the Walker Circuit Court is reversed, and the cause is remanded for further proceedings.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.