THOMPSON, Presiding Judge.
Inline Electric Supply Company, Inc. (“Inline”), appeals from a summary judgment the Jefferson Circuit Court (“the trial court”) entered in favor of Samuel Esk-ildsen and Jennifer Eskildsen regarding Inline’s, effort to enforce an “unpaid-balance” materialman’s lien.
' The record indicates the following. On March 26, 2012, the Eskildsens entered into a contract with Rusert Homes, LLC (“Rusert”), for the construction of a residence in Jefferson County (“the construction project”). The contract specified that the price of the construction project was $550,000. Rusert had entered into a “credit purchase agreement” with Inline in 2008, pursuant to which Inline would provide material and labor for the construction of homes that Rusert was building. Between April 10, 2013, and' May 1, 2013, Inline delivered materials to the site of the construction project. Those materials had a value of .$6,690.68.
In an affidavit submitted to the trial court in support of a motion for a summary judgment, Samuel Eskildsen stated that, before' the construction project was completed, Rusert “defaulted on the work and contract, ceased its work and abandoned the work on [the construction project].” Specifically, Eskildsen said that, at the time Rusert abandoned the construction project, there were defects in the work that had been done and work that Rusert had failed to correct or complete. Although in an excerpt from Samuel Esk-ildsen’s deposition included in the record Eskildsen testified that he made no payments to Rusert after April 29, 2013, there is no evidence in the record as to exactly when Rusert abandoned the construction project or how much work remained to be done before the project would have been completed. Eskildsen also stated in his affidavit that, to complete the construction project in accordance with -the contract, he incurred costs in excess of what was to have been paid to Rusert under the contract. Therefore, Eskildsen stated, there was no unpaid balance owed to Rusert in connection with the construction project. *526 Again, however, there is no evidence in the record to indicate how much the Eskild-sens paid to complete the construction project.
On June 17, 2018, Inline served the Esk-ildsens with notice of its intent to file a materialman’s lien (“the lien”) against the property where the construction project was taking place. The lien was for the $6,690.68 that Inline claimed Rusert owed Inline for materials it had provided for the construction project. The lien was filed in the- Jefferson Probate Court on June 19, 2013. .. ..
On June 21, 2013, the Eskildsens made payments by check directly to two subcontractors pursuant to “joint check- agreements” they had entered into with Rusert and the two subcontractors. The joint check agreements had been executed before the Eskildsens received notice of Inline’s intent to file the hen. The-payment to one subcontractor was $14,446.87, and the payment to the other subcontractor was $3,966.47, for a total amount of $18,411.34.
, On July 5, 2013, Inline filed a civil action against numerous defendants, including Rusert -and the Eskildsens. The only claim alleged against the Eskildsens was to enforce the lien,. Because the claims against the other defendants .are not relevant to this appeal, they will not be discussed in this opinion. We do note, however, that Inline ultimately received a judgment against Rusert in the amount of $106,682.38,
• The Eskildsens filed a motion for a summary judgment against Inline, asserting that there was no unpaid balance owed to Rusert at the time they received the notice from Inline that it intended to file a lien on the property at the site of the construction project. Inline opposed the motion. The trial court heard arguments from .the parties on the motion, and on May 26, 2015,'it entered a summary judgment in favor of the Eskildsens. In the judgment, the trial court stated that any lien claim Inline had against the Eskildsens was limited by the unpaid balance between the Eskildsens and Rusert. - The trial court determined that, based on. the evidence submitted in support of and in opposition to the Eskild-sens’ motion for a summary judgment, no such unpaid balance existed and that, therefore, the Eskildsens were entitled to a judgment in their favor. The judgment became final on June 23, 2016, when a judgment was entered on Inline’s remaining claims. Inline filed a timely notice of appeal to the Alabama Supreme Court, which transferred the appeal to this court pursuant to §' 12-2-7(6), Ala.Code 1975.
The standard by which this court reviews summary judgments is well settled.
“This Court’s review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53.(Ala.2004). In making such a determination, we must review the evidence in the light most favorable "to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala. Code 1975, § 12-21-12. ‘[Substantial *527 evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989).”
Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004).
Inline first argues that the trial court erred in entering the summary judgment in favor of the Eskildsens because, it says, Samuel Eskildsen’s affidavit, in which he states that there was no unpaid balance on the contract, was inadmissible.[1] Specifically, Inline argues that-Eskildsen’s affidavit was not accompanied by evidence to support what Inline called the Eskildsens’ “conclusory allegation” that' there was no unpaid balance on the contract. The statement was unsubstantiated by any fact, Inline said, and was therefore inadmissible to support the Eskildsens’ motion for a summary judgment.
Arguably, the statement that Inline now challenges is a statement of fact and not a conclusory allegation. However, for purposes of this opinion, we need not reach the issue whether the challenged statement constitutes an allegation or á factual statement. As the Eskildsens point out, and as our review of the record demonstrates, Inline did not move to strike the affidavit at issue. In Ex parte Secretary of Veterans Affairs, 92 So.3d 771 (Ala.2012), our supreme court reiterated the requirements for successfully challenging the admissibility of an affidavit submitted in support of or in opposition to a motion for a summary judgment, writing:
“Cases decided after Perry [v. Mobile County, 533 So.2d 602 (Ala.1988),] have not always been clear in holding that a party challenging the admissibility of an affidavit must object to the affidavit and move to strike it. See Ex parte Diversey Corp., 742 So.2d 1250, 1253-54 (Ala.1999) (holding that ‘the court can consider inadmissible evidence if the party against whom it is offered does not object to the evidence by moving to strike it’); Elizabeth Homes, L.L.C. v. Cato, 968 So.2d 1, 4 (Ala.2007) (‘[I]f an affidavit or the documents attached-to an affidavit fail to comply with [Rule 56(e), Ala. R. Civ. P.,] the opposing party must object to the'admissibility of the affidavit or the .document and move to strike.’); Ware v. Deutsche Bank Nat’l Trust Co., 75 So.3d 1163 (Ala.2011) (party challenging admissibility of affidavit and supporting documents pursuant to Rule 56(e) must object thereto and move to strike); but see Blackmon v. Brazil, 895 So.2d 900, 903 n. 2 (Ala.2004) (‘Although the plaintiffs argue on appeal that these two affidavits and the listing contract were inadmissible, the plaintiffs did not raise such objections in the trial court. Therefore, the plaintiffs waived their objections to this evidence.’); Ex parte Unitrin, Inc., 920 So.2d 557, 560 (Ala.2005) (‘Unitrin did not object to the admissibility of any of the materials attached to Ware’s memorandum. Consequently, these materials are properly before us.’). We take this opportunity to reaffirm the holding in Perry that a party must move the trial court to strike any evidence that violates Rule 56(e), Ala. R. Civ. P. An objection to the inadmissible evidence alone is not sufficient. The motion to strike brings the objection to the trial court’s attention and requires 'action on the part of the trial court to properly preserve the ruling on appeal.”
*528 92 So.3d at 776-77 (footnote omitted); see also Evans v. First Nat’l Bank of Jasper, 9 So.3d 488, 490-91 (Ala.Civ.App.2008). Because Inline did not move to strike the affidavit at issue, this court will not hold the trial court in error for considering that affidavit in determining whether to enter a summary judgment.
Inline also argues that the trial court erred in entering 'the ■ summary judgment in favor of the Eskildsens because, it says, it presented evidence disputing the Eskild-sens’ contention that they did not owe Rusert any money at the time Inline notified them of its intent-to file a lien.
The circumstances under which materi-alman’s liens can be created and enforced are governed by § 35-11-210 et seq., Ala. Code 1975.
“Section 35-11-210, [Ala.] Code 1975, is intended to give every mechanic or materialman who performs any work or labor, or furnishes any material for any building or improvement on land by virtue of a contract with the owner thereof, or his agent, contractor, or subcontractor, a lien on the improvements and on the land. Elder v. Stewart, 269 Ala. 482, 114 So.2d 263 (1959). This section permits a supplier to establish a lien on the improvements and the land in order to secure payment for his services and/or materials. Section 35-11-210 provides for two kinds of liens: ‘(1) a lien for the full price of the materials furnished and (2) a lien for the amount of the unpaid balance due the contractor from the owner.’ Abell-Howe Co. v. Industrial Development Board, 392 So.2d 221 (Ala.Civ.App.1980).”
Bettinger v. Stephens Wholesale Bldg. Supply Co., 487 So.2d 1369, 1370 (Ala.Civ.App.1986).
A full-price lien can arise by virtue of either an express or an implied contract between the supplier, in this case Inline, and the owner, in this case the Eskildsens. See Abell-Howe Co. v. Industrial Dev. Bd. of City of Irondale, 392 So.2d 221, 224 (Ala.Civ.App.1980). Here, there is no contention that a contract, either express or implied, existed between Inline and the Eskildsens. Thus, the only lien potentially available to Inline pursuant to § 35-11-210 is a so-called “unpaid balance” lien. “An unpaid-balance lien gives an unpaid supplier of labor and/or materials a lien on any funds in the hands of the owner that the owner owes to the original contractor.” Saunders v. Lawson, 982 So.2d 1091, 1094-95 (Ala.Civ.App.2006).
“In establishing a[n unpaid-balance] materialman’s lien, the owner bears the burden of proving that the expenses from the unpaid balance have been used to complete the construction in accordance with the plans and specifications of the particular job. Justice v. Arab Lumber & Supply, Inc., [533 So.2d 538,] 545 [ (Ala.1988) ]. The owner may not use the unpaid balance for expenses not contemplated in the original contract. However, this Court has held that in cases where the contractor has abandoned his duties, an owner is permitted to expend the unpaid balance for expenses not so contemplated, provided that the expenditures are for labor and materials that are necessary for the completion of the job according to the original contract. Id. at 544-45.”
Wheeler v. Marvin’s, Inc., 593 So.2d 61, 64 (Ala.1991) (emphasis added). As our supreme court pointed out in Justice v. Arab Dumber & Supply, Inc., 533 So.2d 538, 542 (Ala.1988), a case in which the contractor abandoned the construction of a house before construction was complete, to determine the unpaid balance owed to the contractor the court necessarily had to first determine the percentage of completion at the time the contractor stopped working.
*529 Thus, in determining the “unpaid balance” to which a materialman’s lien can attach in this case, we must look to the amount the Eskildsens owed on the original contract with Rusert, if it had been performed, less the expenses the Eskild-sens incurred in having the construction project completed in conformance with the contract. Buckner v. Alpha Limber & Supply Co., 628 So.2d 450, 453 (Ala.1993). In other words, the “unpaid balance” is not determined by the actual amount that Ru-sert was owed for work that it had completed at the time it abandoned the project, but by the amount Rusert would have been paid had it completed the project, less the amount of the Eskildsens’ expenses to complete the construction project in conformance with the contract.
In support of their motion for a summary judgment, the Eskildsens presented evidence indicating that Rusert abandoned the construction project and that they made no payments to Rusert after April 29, 2013. Samuel Eskildsen also testified in his affidavit that, when Rusert abandoned the construction project, there were defects in the completed work and work that Rusert had failed to complete or correct. Because of Rusert’s abandonment of the construction project, Samuel Eskildsen said, the Eskildsens incurred costs to complete the construction project as provided for in the contract and to correct the problems with Rusert’s construction work. Therefore, the Eskildsens say, there was no unpaid balance owed to Rusert at the time they received notice on June 17, 2013, of Inline’s intent to file a lien.
In opposition to the Eskildsens’ motion for a summary judgment, Inline submitted two cashier’s checks dated June 21, 2013, each made payable to a separate subcontractor and Rusert, that the Eskildsens had remitted. Inline contends that, because the cashier’s checks were remitted after the Eskildsens received notice of Inline’s intent to file a lien, the checks demonstrate that the Eskildsens did, in fact, have an unpaid balance when they received Inline’s notice of intent to file the lien and that Inline was entitled to at least a pro rata share of that unpaid balance.
In this case, the contract specified that the construction project would cost $550,000. Neither party presented ■ evidence as to when Rusert abandoned the construction project, how much work remained on the construction project at that time, how much of the contract price had already been expended, or how much the Eskildsens were required to pay to have the construction project completed in conformance with the specifications set forth in the contract. The record contains no information from which the trial court could have determined the unpaid balance of the original contract or the amount that should have been deducted from that balance for expenses needed to complete the construction project. See Justice v. Arab Lumber & Supply, Inc., 533 So.2d at 542. Thus, the trial court had insufficient information from which to determine that there was no unpaid balance from which Inline could recover on its lien, and the Eskild-sens were not entitled to a judgment as a matter of law. Accordingly, we conclude that the Eskildsens failed to meet their burden of demonstrating that there were no genuine issues of material fact and that they were entitled to a judgment as a matter of law, and, thus, the trial court erred in entering a summary judgment in favor of the Eskildsens.
Because we are reversing the judgment, we pretermit discussion of other issues raised by Inline on appeal. For the reasons set forth above, the judgment is re *530 versed and the cause is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. The record indicates that Samuel Eskildsen submitted an earlier affidavit that dealt with the quality of the materiáls Inline supplied. That affidavit is not at issue on appeal.