THOMAS, Judge, concurring in part and dissenting in part.
I respectfully dissent from the main opinion's decision to reverse of the judgment of the Jefferson Circuit Court, Bessemer Division, insofar as it addressed the issue of child support and to remand the cause for the circuit court to enter a judgment in compliance with Rule 32(E), Ala. R. Jud. Admin. In all other respects, I concur with the main opinion.
Connie Joe Green ("the mother") filed a postjudgment motion that, regarding child support, reads: "The court erred by ordering no child support on the part of the [father] since child support was never addressed in court at the time of trial." Thus, the mother admitted that neither party had requested an award of child support at the modification hearing. " '[T]he appellate courts will not reverse the trial court on an issue or contention not presented to the trial court for its consideration in making its ruling.' " Greener v. Killough, 1 So.3d 93, 100 (Ala. Civ. App. 2008) (quoting Ex parte Wiginton, 743 So.2d 1071, 1073 (Ala. 1999) ).
However, like the main opinion, I have considered the issue, because the Rule 10(d), Ala. R. App. P., statement reveals the circuit court's awareness that it did not file or "incorporate[ ] by reference in its child-support order, a CS-42 child-support form, as required by Rule 32(E). We have reversed judgments for the failure to complete CS-42 forms, but we have done so only when we could not discern the basis for the child-support award from the record. See Batain v. Batain, 912 So.2d 283, 284-85 (Ala. Civ. App. 2005) (citing similar cases). In this case, I do not need to discern the basis for the circuit court's child-support judgment; a valid reason is set out in writing. The circuit court intentionally deviated from the Rule 32 child-support guidelines based upon a determination that the mother and Stephen Kerry Green ("the father") "jointly share custody and expenses." " 'When oral testimony is considered by the trial court in reaching its judgment and that testimony is not present in the record as either a transcript or Rule 10(d), [Ala.] R. [App.] P., statement, it must be conclusively presumed that the testimony is sufficient to support the judgment.' " Quick v. Burton, 960 So.2d 678, 680 (Ala. Civ. App. 2006) (quoting Rudolph v. Rudolph, 586 So.2d 929, 930 (Ala. Civ. App. 1991) ). I am unconvinced that the fact that child lives with the mother for substantially more time than he lives with the father mandates a conclusion that the mother provides more support for the child than does the father, and I cannot disregard the language in the judgment, which informs me that the circuit court concluded that the mother and the father "jointly share" the child's expenses. It is well established that when
"the trial court had the benefit of seeing and hearing the witnesses in an oral hearing and there is legal evidence to support its decree, the reviewing court will not substitute its judgment for that of the trier of the facts, even though the reviewing court might have reached a different conclusion.
*907 Porter v. Porter, 46 Ala. App. 22, 237 So.2d 507 [ (Ala. Civ. App. 1970) ] ; Patterson v. Brooks, 285 Ala. 349, 232 So.2d 598 [ (1970) ] ; Kyser v. Doan, 271 Ala. 229, 122 So.2d 764 [ (1960) ]."
Harrell v. Long, 49 Ala. App. 322, 324, 272 So.2d 248, 250 (Ala. Civ. App. 1973). I would affirm the judgment in all respects because I conclude that the mother has not demonstrated plain and palpable error regarding the issue of child support. Berryhill v. Reeves, 705 So.2d 505, 507 (Ala. Civ. App. 1997).
Donaldson, J., concurs.